NATHAN P. SANFORD, Plaintiff in Error, *v.* JOHN V. D. GADDIS, Defendant in Error.

#### ERROR TO FULTON.

In actions for slander, the plaintiff must prove the words alleged; other words of like meaning, or equivalent words or expressions, will not suffice.

All the words need not be proved, unless it takes them all to constitute the slander.

Sanford *v.* Gaddis.

Proof of additional words will not vitiate, unless they so qualify the meaning as to remove the slander.

A count for words spoken affirmatively, is not sustained by proof of words spoken interrogatively. Nor will words spoken to a person sustain a count which charges words spoken of a person.

To charge that slander was uttered by the words, " You swore false," will not be sustained by proof, that the words uttered were, " You have sworn false."

This cause was heard before WILKINSON, Judge, at January term, 1853, of the Fulton Circuit Court.

W. C. GOUDY, for plaintiff in error.

JULIUS MANNING, for defendant in error.

TREAT, C. J. This was an action for slander, brought by Sanford against Gaddis. The declaration alleged that the defendant said of the plaintiff, in reference to testimony given by him as a witness in a judicial proceeding, " You swore false." The proof was, that the defendant said of the plaintiff, immediately after he had testified as a witness in the case referred to, " You have sworn false." The court excluded the evidence on the ground of variance; and that decision is assigned for error.

It is a well established rule in actions for slander, that the allegations and proofs must agree. The plaintiff must prove the words alleged in the declaration, or so much of them as will sustain his cause of action. It is not enough to prove other words of like import and meaning. Equivalent words or expressions will not suffice. All of the words averred need not be proved, unless it takes all of them to constitute the slander. And proof of additional words will not vitiate, unless they so qualify the words alleged as not to amount to the slanderous charge. For example: if the words laid are, " He stole a large amount of money," the action is sustained by proof of the words, " He stole money." The words proved are those alleged, and they are of themselves actionable. So if the words laid are, " He is a thief," the declaration is supported by proving the words, " He is a thief, for he stole money." The words alleged are proved, and their sense is not varied by the additional words. But if the words laid are, " He is a thief," proof of the words, " He is a thief, for he bought property, and refused to pay the price," will not sustain the action. The additional words so qualify those alleged, as not to impute the crime of larceny. A count for words spoken affirmatively, is not sustained by proof of words spoken in the way of interroga-

tory. And proof of words spoken to a person, will not support a count for words spoken of a person. Maitland *v.* Goldney, 2 East, 426; Rex *v.* Berry, 4 Durnford and East, 217; Barnes *v.* Holloway, 8 Ib. 150; Opwood *v.* Barkes, 4 Bingham, 261; Johnson *v.* Tait, 6 Binney, 121; Fox *v.* Vanderbeck, 5 Cowen, 513; Olmsted *v.* Miller, 1 Wendell, 506; Williams *v.* Bryant, 4 Alabama, 44; Easley *v.* Moss, 9 Ib. 226; Wheeler *v.* Robb, 1 Blackford, 330; Linville *v.* Earlywine, 4 Ib. 469; Crulman *v.* Marks, 7 Ib. 281; Watson *v.* Meesick, 2 Missouri, 29; Berry *v.* Dryden, 7 Ib. 324; Slocum *v.* Kaykendall, 1 Scammon, 187; Patterson *v.* Edwards, 2 Gilman, 720.

In this case, the words proved, under the circumstances of the speaking, had the same meaning as those laid in the declaration, and equally imputed the crime of perjury. But they were not the same words. They were at most only equivalent words. They were not in themselves actionable. There was a clear variance between the words laid and those proved, and the court was right in excluding the evidence from the jury.

The judgment must be affirmed.

*Judgment affirmed.*