## ELIJAH BARNES

### *v.*

## SAMUEL O. HAMON.

71  609
140  630
71  609
85a 332

1. SLANDER—*words spoken to be taken in their common and reasonable sense.* Words spoken, when an action is founded upon them, are to be taken in the sense which men of common and reasonable understanding would ascribe to them.

2. DECLARATION *in slander—when sufficient.* A declaration, in an action for slander, which alleges that the defendant, in a certain discourse which the defendant had concerning the plaintiff, and of and concerning the burning of a dwelling house, not the property of the plaintiff, but the property of the defendant, which had been wilfully and maliciously burned and destroyed by fire, by some means unknown, and not by the owner, said that the plaintiff burned it, and did thereby charge the plaintiff with the crime of arson, is sufficient.

3. SPECIAL VERDICT. It is wholly discretionary with the court to require the jury to find a special verdict upon any fact of the case.

APPEAL from the Circuit Court of Fulton county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

Messrs. JAMES & STILLMAN, and Mr. S. C. JUDD, for the appellant.

Messrs. SHOPE & GRAY, and Mr. T. A. BOYD, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, in the Fulton circuit court, by Samuel O. Hamon against Elijah Barnes, for slander, resulting in a verdict and judgment for the plaintiff. The defendant brings the record here by appeal, assigning several errors.

The points relied on by appellant are, that the words as charged in the declaration are not, *per se*, actionable, and do not of themselves impute the crime of arson, and therefore

it was incumbent on the plaintiff to prove the burning of the house referred to, under such circumstances that it would have been arson; that the words were spoken in reference to that burning, thereby intending to impute to defendant the crime of arson, and that such was the understanding of the hearers. He insists, it was necessary to aver and prove the special facts necessary to make them so.

The words charged as having been spoken by defendant are, substantially : "He burned the house," but the charge is prefaced by a colloquium, which gives character to the charge. It is alleged, " that in a certain discourse which the defendant had concerning the plaintiff, and of and concerning the burning, consuming and destruction by fire of a certain dwelling house, etc., not the property of the plaintiff, but the property of the defendant and John W. Barnes, which before that time had been wilfully and maliciously burned and destroyed by fire, by some means and in some way wholly unknown, and not burned by the owner thereof, he, defendant, did speak and publish of and concerning the plaintiff, and of and concerning the burning and destruction by fire of the said dwelling house, and thereby, then and there, did charge the plaintiff with the crime of arson." The words alleged to have been spoken are, by proper innuendo, referred to this colloquium, and that sufficiently characterizes the act, and it is sufficiently averred that the words were spoken with reference to these circumstances.

Another objection is, that plaintiff did not show that, by the use of the words charged in the declaration, the hearers understood the crime of arson to have been imputed. There can be no doubt, if the house was burned as alleged, arson had been committed by some one, and as plaintiff was charged with burning it, what else could be understood than that he had committed the crime of arson?

What could hearers of ordinary understanding infer from such a charge? Words spoken, when an action is founded upon them, are to be taken in the sense which men of com-

mon and reasonable understanding would ascribe to them. *Nelson et ux.* v. *Borchenius,* 52 Ill. 236, a case decided after a full examination of the authorities.

Appellant complains that the court refused to give the 11th, 13th, 14th and 15th instructions asked by him.

Those instructions bring up a question which has been settled by this court—that is, the construction of section 81 of the Practice Act of 1872. We said in *Kane* v. *Footh,* 70 Ill. 587, it was wholly discretionary with the court to require the jury to find a special verdict upon any fact of the case.

As to the question of accord and satisfaction of this slander, by the execution of a lease, we think the proof does not establish the plea, and as to the damages, the jury being satisfied of the truth of the charge in the declaration, and no circumstances appearing to us to require a less verdict, this verdict must stand. On the whole record we perceive no error, and accordingly affirm the judgment.

*Judgment affirmed.*