GEORGE W. ALBIN

v.

SAMUEL D. PARKS.

SLANDER—WHAT PROOF NECESSARY—VARIANCE.—In an action for slander, the plaintiff need not prove all the words laid in the declaration, unless it takes all of them to constitute the cause of action; nor will the proof of additional words defeat his right of recovery, unless they so qualify the meaning as to remove the slander; but he must prove enough of the words laid to amount to the substance of the charge, and this must be done by proof of the identical words laid—equivalent words, or words of the same import will not do.

APPEAL from the Circuit Court of Cumberland county; the Hon. J. C. ALLEN, Judge, presiding.

Messrs. WILKIN & WILKIN and Messrs. DECIUS & EVERHART, for appellant; that to charge a person with false swearing is actionable, because the statute has made it so, cited Rev. Stat. 1877, 933, § 2; Strauss v. Meyer et al. 48 Ill. 385.

Justification must be as broad as the charge: Townsend on Slander and Libel, 331.

But it need not go further: Sandford v. Gaddis, 13 Ill. 229.

Equivalent words, or those of the same meaning, are not sufficient: Sandford v. Gaddis, 15 Ill. 229; Norton v. Gordon, 16 Ill. 38.

Plaintiff must prove enough of the words as laid to sustain

his action: Wilborn v. Odell, 39 Ill. 456; Townsend on Slander and Libel, § 364.

An incorrect instruction cannot be cured by another which is correct: Denman v. Bloomer, 11 Ill. 177.

If instructions have a tendency to mislead the jury they should not be given: Webber v. Brown, 38 Ill. 87; Reeder v. Pandy, 41 Ill. 261; Nichols v. Mercer, 44 Ill. 250.

PER CURIAM. This is an action on the case for slander. The declaration alleges in various forms and in different sets of words, that the defendant charged plaintiff with swearing falsely. The general issue was pleaded, and on the trial several witnesses were called to prove the speaking of the words charged, only one of whom (Treat) testifies to the speaking of the words as charged, and his statement is denied by defendant, who subsequently testified in his own behalf. The other witnesses testify to conversations by defendant, in which he, in substance, charged plaintiff below with swearing falsely, but not by the use of the words alleged in the declaration. The witnesses, in detailing the conversation, use the most, or all of the words charged in the declaration, but not in the same sense and connection, so as to constitute the substance of the charge, in the same language alleged.

At the instance of plaintiff, the court instructed the jury " That if they believe from the evidence in this case that the defendant spoke of and concerning the plaintiff the words, or any of them, in the manner and form as charged in the declaration, then the jury should find for the plaintiff, unless the jury were satisfied from the evidence that such words were true." The question of the speaking the words by defendant was in issue by the pleadings and contested by the evidence, and the instruction upon this point was of the utmost importance to the parties, and should have given the law correctly. This it fails to do, and is well calculated to produce a verdict on insufficient evidence.

The plaintiff need not prove all the words laid in the declaration unless it takes all of them to constitute the cause of action, nor will the proof of additional words defeat his right

of recovery unless they so qualify the meaning as to remove the slander. But he must prove enough of the words to amount to the substance of the charge, and this must be done by proof of the identical words laid. Equivalent words, or words of the same import, will not do.

This instruction required the jury to find for the plaintiff, if the defendant spoke of and concerning the plaintiff any of the words in manner and form as alleged, and under it the plaintiff could recover although the words proven did not amount to the substance of the charge, or any material part thereof.

The judgment is reversed and the cause remanded.

Reversed and remanded.