MOSES J. FRANK

*v.*

HANNAH KAMINSKY.

</div>

<div align="center">*Filed at Ottawa January 23, 1884.*</div>

1. ALLEGATIONS AND PROOFS—*under the general issue in action for slander—as to the speaking, and publication, of the words.* In an action on the case for verbal slander, the plea of not guilty puts in issue both the speaking and publication of the slanderous words complained of, and to recover, the plaintiff must prove, by a preponderance of evidence, the speaking and publication of at least one set of the words charged.

2. It is just as necessary, under the general issue in an action for slander, to prove the publication of the slanderous words,—that is, that they were spoken in the presence and hearing of others than the plaintiff,—as it is to prove the fact of their having been spoken.

3. ERROR *will not always reverse.* In case of an error in an instruction it is only when such error prejudiced, or was calculated to prejudice, the objector, that it demands a reversal.

4. Where the proof was clear that certain slanderous words had been spoken in the presence of others besides the plaintiff, and this fact was not disputed, it was *held,* that an instruction basing the right to recover on the *speaking* of the words, omitting the hypothesis that they were also published, though erroneous as an abstract proposition of law, was not calculated to injure the defendant, and hence no ground for a reversal of the judgment.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. B. M. SHAFFNER, for the appellant:

The general issue put in issue both the utterance of the words alleged to have been spoken, and their publication. *Jarnigan* v. *Fleming*, 43 Miss. 725.

The declaration must state that the slanderous words were published "in the presence and hearing of divers persons," otherwise it would be demurrable. Every instruction given for the appellee ignored this principle, and consequently were erroneous.

If no one heard the words other than the plaintiff, it is not slander. Viner's Abridg. title "Actions," L. B. 4; Townshend on Slander, secs. 95, 107; *Broderick* v. *James*, 3 Daly, 483; *Lyle* v. *Clason*, 1 Caines, 583; *Heller* v. *Howard*, 11 Bradw. 554.

Messrs. BRANDT & HOFFMAN, for the appellee:

There was no evidence of the speaking of any slanderous words by appellant except in the presence of third persons. How, then, could the jury be misled by the omission of the words complained of in the instructions? The only controversy before the jury was whether the words were spoken at all or not.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the First District, affirming a judgment of the circuit court of Cook county for $1200, recovered by Hannah Kaminsky, the appellee, against Moses J. Frank, the appellant, in an action on the case for verbal slander. The words charged in the declaration to have been spoken by the defendant are:

"You (meaning the plaintiff) are a damned whore," and other sets of words of like import.

It is true, as stated by counsel for appellant, the defendant's plea of not guilty put in issue both the speaking and publication of the slanderous words complained of, and in order to warrant a recovery it devolved on the plaintiff to prove, by a preponderance of testimony, the defendant spoke and published, of and concerning the plaintiff, at least one set of the slanderous words charged in the declaration. It was just as important to prove the publication of the slanderous words,—that is, that they were spoken in the presence and hearing of others than the plaintiff,—as it was to prove their speaking. To prove the speaking of the words charged by the defendant, was one fact, and to show that others than the plaintiff were present and heard them, was a distinct and independent fact. Both these facts were submitted to and passed upon by the jury, and must necessarily have been also passed upon by the trial court in disposing of the motion for a new trial, and in rendering final judgment in the cause. As shown by the verdict and judgment, the plaintiff was successful upon both these issues, and the affirmance of the judgment by the Appellate Court must be accepted as a final disposition of them, so far as this court is concerned.

It only remains to inquire whether the record discloses any errors of law which may have contributed to the result stated.

Upon the trial of the cause the court, at the instance of the plaintiff, gave to the jury, among others, the following instruction:

"If the jury believe, from the evidence, that the defendant falsely and maliciously spoke of and concerning the plaintiff any one or more of the sets of words alleged in the declaration, charging the plaintiff with being a whore, and intending thereby to charge her with being a whore, then the jury should find the defendant guilty, and assess the plaintiff's damages, and in such case the jury may find exemplary damages."

As an abstract proposition of law it is clear this instruction is erroneous, in this, that it omits from the hypothesis stated the duty of the defendant to prove the *publication* as well as the speaking of the slanderous words. Nor is there anything in any of the other instructions that cures the instruction in this respect. Other instructions were given, at the instance of the plaintiff, obnoxious to the same objection. It only remains to inquire whether this omission in the instruction could have prejudiced appellant. If it *may* have had that effect, the case should be reversed for that reason, otherwise it should not. It is a familiar rule, error will not always reverse. *New England Fire and Marine Ins. Co.* v. *Wetmore*, 32 Ill. 221; *Parker* v. *Fisher*, 39 id. 164; *City of Chicago* v. *Hesing*, 83 id. 204.

It must be borne in mind the objection in question relates only to the publication of the slander,—that is, to the speaking of the slanderous words in the presence of others than the plaintiff. So far as this question is concerned, the evidence shows no controversy whatever. The testimony of the witnesses on both sides shows that several persons other than the parties themselves were present on the occasion when the slanderous words are claimed to have been spoken, hence, if the words were spoken at all, they were necessarily spoken in the presence and hearing of others than the parties. The time of speaking of all but one set of the words charged was definitely fixed by specific facts and circumstances, so that there was no reason for mistake as to the occasion, or as to the fact that various third parties were present and in hearing of what was actually said on the occasion. Such being the case, it is impossible the jury could have been misled by the technical error in the instructions.

The judgment of the Appellate Court was, for the reasons stated, proper, and it is therefore affirmed.

*Judgment affirmed.*