SAMUEL E. RANSOM

*v.*

MARY E. McCURLEY.

*Filed at Springfield May 11, 1892.*

1. SLANDER—*words imputing fornication, actionable.* To charge an unmarried woman with being pregnant, is necessarily to impute fornication; and if words are used, uttered or published falsely, which, in their ordinary or common acceptation, amount to a charge of fornication, or if the person speaking intends that the hearers shall understand, and they do understand, fornication to be imputed, such words are slanderous and actionable.

2. SAME—*must be proven as charged.* In order to authorize a recovery in an action for slander, the words laid in the declaration, or enough of them to charge the particular offense alleged to have been imputed, must be proved substantially as charged. Evidence of the speaking of equivalent words, although having the same import and meaning, is not admissible, and words spoken interrogatively are not admissible to sustain an allegation of words spoken affirmatively.

3. In an action for slander, the words alleged in the declaration, or enough of them to amount to a charge of the offense alleged to have been imputed, must be substantially proved. The rule is not that the substance of the words alleged must be proved. Although the words proved are equivalent to the words charged, or have the same meaning, or amount to a charge of precisely the same offense, yet not being the same words, or substantially the same, the action can not be maintained.

4. SAME—*proof of words not charged, to show motive or malice.* As giving an additional or independent right of recovery, the speaking of words not alleged in the declaration are not provable; but proof of them is admissible if they repeat the charge of the same crime or offense, as tending to show the motive which induced the first defamation. The repetition may show deliberate malice in the utterance of the original slander, in which case it is proper to be considered in aggravation of damages.

5. SAME—*proof under general issue.* Under the general issue in slander, the defendant may disprove any fact essential to the plaintiff's right of recovery not amounting to a justification of the truth of the charge, and he may show, in mitigation of damages, any fact tending to disprove malice, and the general bad character of the plaintiff before and at the time of the alleged publication of the slanderous matter.

6. While the effect of the plea of the general issue, alone, in slander, may be to "virtually admit" that the plaintiff is innocent of the particular charge, yet such a plea does not, as a matter of law, admit affirmatively the general good character of the plaintiff.

7. SAME—*effect of plea of general issue.* In an action for slander the defendant pleaded only the general issue, and on the trial made no attempt to impugn the plaintiff's character. The court instructed the jury, that by pleading the general issue, alone, the defendant admitted the plaintiff was not guilty of the charge imputed to her: *Held,* that while the instruction was manifestly inaccurate, yet under the circumstances the error was such as not to prejudice the defendant.

8. SAME—*instruction as to proof of the substance of the slanderous words.* In an action for slander, the court, at the instance of the plaintiff, instructed the jury that "the substance of the alleged slanderous words are all that the plaintiff must prove." Immediately following these words, as well as in the instructions given for the defendant, the plaintiff was required to prove some one or more of the sets of words charged in the declaration, before she could recover: *Held,* that while the first part of the instruction quoted, standing alone, was erroneous, yet, when taken with the words following and the instructions given for the defendant, the error was rendered harmless.

9. SAME—*complaint as to error in submitting evidence—after finding of the jury.* If a defendant in an action for slander, instead of object-

ing to the admission of evidence of the words spoken, or moving to exclude the same, or moving for a non-suit, or asking for an instruction in the nature of a demurrer to the evidence, has the court, at his instance, submit to the jury, to be found from the evidence as a fact, whether the averments of the declaration are proved, he will not, after a finding against him, be heard to complain of error, if any, in submitting the evidence to the jury.

10. SAME—*letter of defendant in evidence.* On the trial of an action for slander, the court admitted in evidence a letter purporting to have been written by the defendant to the plaintiff, upon proof that it was in his handwriting, tending to show a motive for the utterance of the slanderous words, as, that defendant had been a suitor of the plaintiff, and had been discarded by her shortly before the publication of the slanderous words: *Held,* no error in the admission of the letter in evidence.

11. PRACTICE—*objection to evidence on appeal for first time.* It is too late to raise either objection or exception in regard to the admission of improper evidence on the ground of variance, for the first time on appeal or error.

12. The admission of improper evidence should be objected to on the trial, otherwise it will be presumed, on error, to have been received by consent. The rule embraces objections to variance between the *allegata* and *probata,* which may be obviated by amendment of the pleadings.

WRIT OF ERROR to the Appellate Court for the Third District; —heard in that court on writ of error to the Circuit Court of Morgan county; the Hon. C. EPLER, Judge, presiding.

Mr. GEORGE W. SMITH, and Mr. FELIX D. McAVOY, for the plaintiff in error:

Allegations spoken affirmatively are not sustained by proof of words spoken interrogatively. *Sanford* v. *Gaddis,* 15 Ill. 228; 1 Scam. 187; 7 Mo. 324.

Words spoken as a rumor, or as the words of another, will not support words alleged unqualifiedly as the defendant's. 21 Eng. C. L. 71; 13 East, 554.

The plea of not guilty in slander operates as a denial of the extrinsic facts stated in the indictment, the speaking of the words, the truth of the colloquium, or the application of the

words to the plaintiff, and the extrinsic facts stated in the declaration.  Under this plea it may be shown that the words were spoken in an innocent sense.  Townshend on Slander and Libel, sec. 350; 2 Greenleaf on Evidence, sec. 421.

The plea of the general issue does not admit the good character of the plaintiff, but under such plea defendant could attack the general reputation of the plaintiff.  4 Scam. 43.

Mr. Oscar A. DeLeuw, and Messrs. Morrison & Whitlock, for the defendant in error:

The rule that allegations of words spoken affirmatively will not be sustained by words spoken interrogatively, has no application to this case.  Words spoken are to be taken in the sense which common and reasonable men would ascribe to them.  *Barnes* v. *Hamon*, 71 Ill. 609.

Where the words charged in the declaration imputed lewdness and adultery to the plaintiff, and the words proved established that, and no more or less, not by proof of equivalent words, but by proving the substance of the words spoken, it is sufficient, although the words proved were not precisely as charged in the declaration.  *Thomas* v. *Fischer*, 71 Ill. 576; *Wallace* v. *Dixon*, 82 id. 202; *Gregor* v. *Eakin*, 3 Bradw. 340.

Again, it is not necessary to prove the whole of a continuous sentence as alleged, provided the meaning of the words proved is not varied by the omission of others.  *Schmisseur* v. *Krelich*, 92 Ill. 347; *Albin* v. *Park*, 2 Bradw. 576.

The repetition of the slander may be shown in aggravation of the damages.  *Thomas* v. *Fischer*, 71 Ill. 576; *Stowell* v. *Beagle*, 79 id. 525.

Mr. Justice Shope delivered the opinion of the Court:

This was an action for slander, in which the plaintiff recovered $3000 damages.  On appeal to the Appellate Court the judgment was affirmed, and the defendant below prosecutes this writ of error.

The first point made is, that there is a material variance between the allegations of the declaration and proofs. We are of opinion that it is too late to avail of error in that regard, · if it exists. The declaration, in varying language, set out the alleged slander, with proper inducement and innuendoes, imputing that the plaintiff, an unmarried woman, was pregnant, and guilty of fornication. To charge an unmarried woman with being pregnant is necessarily to impute fornication. If words are used, uttered or published falsely, which, in their ordinary or common acceptation, amount to a charge of fornication, or if the person speaking intends that the hearers shall understand, and they do understand, fornication to be imputed, the words are slanderous and actionable. Rev. Stat. sec. 1, chap. 126; *Barnes* v. *Hamon*, 71 Ill. 609; *Schmisseur* v. *Krelich*, 92 id. 347.

It is not contended that the evidence does not show the uttering and publication of words charging that the plaintiff was pregnant, and others that *per se* charge her with being guilty of fornication, but it is insisted that the words laid in the declaration, or enough of them to amount to such charge, are not proved, and that there was therefore a variance between the · allegations and proof. It is well settled that to authorize a recovery in an action for slander, the words laid in the declaration, or enough of them to charge the particular offense alleged to have been imputed, must be proved substantially as charged. Evidence of the speaking of equivalent words, although having the same import and meaning, is not admissible, and words spoken interrogatively are not admissible to sustain an allegation of words spoken affirmatively. (*Sanford* v. *Gaddis*, 15 Ill. 228; *Wilborn* v. *Odell*, 29 id. 457; *Schmisseur* v. *Krelich, supra.*) These rules are highly technical, and were, as said in the *Wilborn case, supra,* no doubt introduced because of the disfavor with which actions for slander were regarded by the courts, and to discourage that species of litigation. They are, however, rules of evidence, merely, and,

like other rules of evidence, may be dispensed with or waived by the parties by express stipulation, or by conduct inconsistent with the right to insist upon an enforcement of the rule. In the case at bar the defendant sat by and permitted all of the evidence tending to show the uttering and publishing of the slanderous words to go to the jury without objection. The trial court was not, by objection to the evidence, or an instruction in the nature of a demurrer to it, called upon to pass in any way upon its competency or admissibility. If the objection was that the evidence was inadmissible, it would manifestly be too late to object on appeal. The rules governing the admission of evidence are familiar, and require that objection be interposed when it is offered, otherwise error can not be predicated of its admission. It was early held in this State, and has been since uniformly followed, that improper evidence should be excepted to on the trial, otherwise it will be presumed to have been received by consent. *Snyder* v. *Laframboise*, Breese, 343; *Merchants' Despatch Transportation Co.* v. *Jœsting*, 89 Ill. 152; *Schill* v. *Reisdorf*, 88 id. 411.

The objection, however, is, as before stated, that there is a variance between the allegations and proof. By the instructions for the plaintiff the jury were told, that if they found, from the evidence, that the defendant had uttered and published the slanderous words charged in the declaration, etc., as therein alleged, etc., they should find the defendant guilty. By the fifth, given at the instance of the defendant, they were instructed, that to maintain her case the plaintiff "must prove the words substantially as charged, * * * that proof of equivalent words or expressions will not suffice, nor is it sufficient to prove that the words were spoken in an interrogative form," nor "that defendant said he had heard the alleged slanderous matter," etc. The eighth instruction given for defendant sets forth the various words in which the slander is charged in the declaration, and instructs the jury that it is incumbent on the plaintiff to show, by a preponderance of the evidence,

"that the defendant did use, substantially, one or more of said set of words as charged in the declaration," etc., and the second of defendant's series is to like effect. Instead, therefore, of moving to exclude the evidence, or moving for a nonsuit, or asking an instruction in the nature of a demurrer to the evidence, as he might have done on a failure of proof, the court, at his instance, submitted to the jury, to be found from the evidence as a fact, whether the averments of the declaration were proved. They found adversely to defendant, and the approval of that finding by the trial and Appellate Courts is conclusive of the fact. That a party can not complain of an error committed at his own instance is too familiar to require the citation of authorities. The defendant having required no ruling by the court upon the evidence, and invited its submission to the jury, should not be permitted to complain of the error, if error there was, in submitting the case, but should be held to have waived his right to insist upon the strict rule of law now sought to be invoked. Especially should this be so where, as in this State, the parties may amend their pleadings, in form or substance, upon such terms as may be just and reasonable, and thereby the expense of another trial be saved to the litigants and the transaction of the business of the courts facilitated.

In *Jones* v. *Fales*, 4 Mass. 244, Parsons, C. J., after holding that if the defendant had objected to the evidence at the trial the objection must have prevailed, says: "But I am strongly inclined to the opinion that objection to the evidence, as not comporting with the declaration, ought not generally to be admitted unless objection be made at the trial and the point reserved. A contrary practice would introduce much mischief." See, also, *State* v. *Burnett*, 81 Mo. 120, where it was held that "it was too late to raise either objection or exception in regard to improper evidence for the first time on the motion for a new trial." To the same effect is *The State* v. *Peck*, 85 Mo. 191. *Nicksle* v. *Hayes*, 13 Conn. 155, was an action for slander, and

it was objected that there was a variance between the proof and the declaration, and it was held that the evidence not having been objected to on the trial, it came too late on the motion for a new trial. See, also, *Hayden* v. *Knot*, 9 Conn. 367.

In the case at bar, had the attention of court or counsel been called to the fact that it was to be urged anywhere that there was not sufficient evidence of the publication of the words alleged, the question could have been put beyond controversy by a slight amendment,—and that, too, without surprise to the defendant. The witnesses, in some instances, as is usual, in detailing the statements of the defendant used the verb in the past tense, instead of the present, as charged in the declaration. By changing the form of the verb in the declaration, or going farther and inserting, with proper innuendoes, the words proved, which we held in *Elam* v. *Badger,* 23 Ill. 498, to *per se* amount to a charge of fornication, the *allegata et probata* would have agreed, and the trial have proceeded without loss of time or additional expense, and with all of the rights of the parties protected that could be saved on a re-trial of the cause. We are not unmindful of the holding in *Sanford* v. *Gaddis,* 15 Ill. 228, followed, with some criticism, in *Wilborn* v. *Odell, supra,* that a difference between the tense of the verb laid and that proved will constitute a material variance. There may be cases in which the rule will still work a hardship, but in the main the mischief seemingly apprehended in the *Wilborn case* will in practice be readily averted by the liberal amendments now allowed. Under the authority of these cases, the evidence alluded to, had it been objected to, would probably have been excluded, unless, upon the witness' attention being called to the form of expression, which was in no instance done, he corrected it, or the declaration was amended to conform to the evidence. Counsel for defendant, no doubt purposely and wisely, for the interests of their client, declined to interpose objection, preferring to take

their chances with the jury rather than to suggest amendments which, under the proof, would have left no possible way of escape. It is sufficient, however, that no question of law was preserved in respect of the matter being considered, and, as already stated, the facts are conclusively settled by the judgment of the Appellate Court.

It was not error for the court to instruct the jury, that if they found the defendant guilty as alleged, they might take into consideration evidence, if any, of the repetition of the slander, in determining the motive of the defendant and in fixing the damages to be awarded. As giving additional or independent right of recovery, the speaking of words not alleged in the declaration is not provable; but proof of them is admissible, if they repeat the charge of the same crime or offense, as tending to show the motive which induced the first defamation. (2 Starkie on Slander, 56.) Its repetition may show deliberate malice in the utterance of the original slander, and it is then proper to be considered in aggravation of damages. *Thomas* v. *Fischer*, 71 Ill. 576; *Baker* v. *Young*, 44 id. 42; *Stowell* v. *Beagle*, 79 id. 525.

Objection is also made to the first and ninth instructions for plaintiff. The jury were thereby told, in effect, that by pleading the general issue, only, the defendant admits that the plaintiff is a chaste and virtuous girl. This is manifestly inaccurate. The effect may be, as said in *Dunaway's case*, 30 Ill. 373, that pleading the general issue, only, is to "virtually admit" that the plaintiff is innocent of the particular charge, but it by no means admits affirmatively, as a matter of law, the general good character of the plaintiff. Under that plea the defendant may disprove any fact essential to the plaintiff's right of recovery, not amounting to a justification of the truth of the imputation, and may show in mitigation of damages, first, any fact which tends to disprove malice; and second, the general bad character of the plaintiff before and at the time of the alleged publication of the slan-

derous matter. (Starkie on Slander, *453; Starkie on Evidence, 740; Townshend on Slander, 406; *Young* v. *Bennett*, 4 Scam. 43; *Sheahan et al.* v. *Collins*, 20 Ill. 325.) But while we think the instructions should have been refused, the giving of them was not, in this case, prejudicial error. The presumption that the plaintiff was of good character obtained, and must, notwithstanding the plea, prevail until it is shown to be bad. No attempt was made, in any way, on the trial, to impugn the character of the plaintiff. The jury were, therefore, in determining every question submitted, justified in believing her to be pure and chaste, and of general good character. The duty of the jury in this regard, or the probability that they would indulge the presumption in her favor, would not be heightened or increased by any supposed admission of the defendant.

The first paragraph of the fifth instruction for the plaintiff announces an incorrect proposition of law. It is as follows: "The court instructs the jury, * * * that in this case the substance of the alleged slanderous words are all that the plaintiff must prove." Without other criticism, it is clear that if it was intended to say that it was only necessary to prove the substance of the charge, as would be likely to be understood from this proposition standing alone, it incorrectly states the law. We have before seen that proof of equivalent words, or words of the same import and meaning with those charged to have been spoken, though varying only in the tense of the verb employed, will not suffice. The rule is, not that the substance of the words alleged must be proved, but that the words alleged in the declaration, or enough of them to amount to a charge of the particular offense alleged to have been imputed, must be substantially proved. Although the words proved are equivalent to the words charged, or have the same meaning, or amount to a charge of precisely the same offense, yet not being the same words, or substantially the same words, the action can not be maintained. What is

meant is, not that the substance of the words alleged will suffice, but that substantial proof of the words, only, is required, as distinguished from a literal proof of the words alleged in the declaration. The text books and cases are replete with illustrations of what is or is not a material variance under this rule, and we need not extend this opinion by giving them. We are of opinion, however, that while the first paragraph of the instruction, taken by itself, was erroneous and liable to mislead, when it is taken in connection with the residue of the same instruction, and with others of the series, especially the second, fifth and eighth given for defendant, before mentioned, it could have had no prejudicial effect upon the jury. By the same instruction, and immediately following the paragraph quoted, the correct rule is announced. By this instruction, as well as those of defendant referred to, the plaintiff is required to prove some one or more of the sets of words charged in the declaration before she could recover. We think it impossible that the jury could have been misled to the prejudice of the defendant. · There was therefore no prejudicial error.

It is also insisted, the court erred in admitting a letter in evidence purporting to have been written by the defendant to the plaintiff. Sufficient foundation was laid by proof of defendant's handwriting to admit the letter in evidence. We think it was entirely competent, as tending to show a motive for the utterance of the slanderous words. It tended to show that defendant had been a suitor of the plaintiff, and had been discarded shortly before the alleged publication of the slander. It is not pointed out, nor can we perceive, how the admission of this letter could have operated unjustly or to the prejudice of the defendant. If the uttering of the slanderous words was not induced by the feeling engendered in consequence of the matters referred to in the letter, then there was no motive other than that willful disregard of the rights

of others and the welfare of society which is even more dangerous and reprehensible than actual malice.

Finding no substantial error in the record of which plaintiff in error can complain, the judgment is affirmed.

*Judgment affirmed.*

SCHOLFIELD and CRAIG, JJ., dissenting.