## Anna Huffer v. Marie Viskovsky.

1. VARIANCE—*Must be Pointed out in the Court Below.*—Where a party fails to point out a variance on the trial below so that it might have been cured by amendment of the pleadings he can not urge the objection in the Appellate Court.

2. ATTACHMENT FOR WITNESS—*Failure to Issue, not Cause for Reversal.*—The refusal of the court to order an attachment for a witness, under the circumstances upon which it was asked, is not a sufficient reason for reversing the judgment.

**Action for Slander.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

*Extract from appellant's abstract showing the circumstances under which the attachment for the absent witness was refused:*

MR. CONOVER: There is another witness who ought to be here, and we expect some very material testimony from her. She is one of our best witnesses. She has been subpœnaed, but is not here.

MR. KIRKLAND: We are ready to show that she is not here, by advice and conspiracy of this woman, Mrs. Viskovsky. We are prepared to prove that these people kept her away from this court room.

THE COURT: When did you find out she was told not to be here?

A. (By MR. HUFFER). Yesterday morning.

MR. HUFFER took the stand at the direction of the court, and being first duly sworn, testified as follows:

THE COURT:

Q. When did you serve the subpœna on this witness? A. Last Saturday.

Q. What did she say? A. She said she would come.

Q. What did you say about money to her? A. I handed her one dollar and ten cents, and she didn't want it, and gave it back to me, and I told her she should keep it. And she took the one dollar and ten cents, and gave it to me back and said she would come.

Q. When was that? A. Last Saturday.

Q. Well, she hasn't been around here at all? A. No, sir; and Mrs. Huffer was there yesterday morning, and when she paid the cash to her, she said she wouldn't come. Now, whatever was talked about, Mrs. Huffer can say.

The motion for attachment was overruled on the ground that it came too late.

### STATEMENT OF THE CASE.

This was an action originally brought in the Circuit Court of Cook County by Marie Viskovsky against Anna Huffer,

Huffer v. Viskovsky.

in a plea of trespass on the case, for damages alleged to have been occasioned to the plaintiff by virtue of the utterance of a certain slander by the defendant, on the 14th day of June, 1892.

In the Circuit Court the jury found the defendant guilty and assessed the damages at $100, whereupon a judgment was entered in the Circuit Court for said amount, from which judgment the defendant Huffer appealed to this court.

The evidence on the trial by the respective parties is of a very conflicting nature.

Appellant's brief contains the following:

"First.  There is a variance between the slander alleged in the declaration and that proven on the trial.

Second.  The Circuit Court erred in overruling the motion for an attachment to issue to bring in one of the witnesses of the defendant, who had not attended court in compliance with the subpoena."

As to the first of these reasons, the slander mentioned in the declaration says, "your mother stole meat and sausages in Blaha's, and Blaha had to run after her onto the sidewalk and take it from her."  Now, in this expression, the essence of the slander is contained in the words, "your mother stole meat and sausages *in* Blaha's," and the only point in the testimony of the plaintiff's witnesses, where there is a substantial similarity, is in their testimony as to the expression that "your mother stole meat and sausages *from* Blaha." All of plaintiff's witnesses used the expression "*from Blaha*" instead of "*in Blaha's*," changing both the *form* of the preposition and the *case* of the noun.  The expression "*in Blaha's*" does not necessarily imply that the defendant stole Blaha's meat, but the meat may have belonged to any other person; whereas the phrase "*from Blaha*" would imply that Blaha was the owner of the meat alleged to have been stolen and is manifestly a different charge from that contained in the words alleged in the declaration.

W. A. Conover, attorney for appellant.

J. F. KOHOUT, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The allegation in the declaration is, that the defendant, in uttering the words charged, meant that the plaintiff had stolen the goods of Blaha.

Admitting that there is a variance between the words charged and those proven, and that the substance of the words charged was not proved, appellant failed to point out such variance upon the trial, where, by amendment of the declaration, the variance could have been removed. It is therefore too late to urge such objection here. Ransom v. McCurley, 140 Ill. 626.

The refusal of an attachment for a person subpœnaed as a witness by appellant, under the circumstances upon which the attachment was asked, is not a sufficient reason for reversing this judgment.

The judgment of the Circuit Court is affirmed.