WESLEY ILES

*v.*

EMMA L. SWANK.

*Opinion filed April 24, 1903.*

1. SLANDER—*what sufficient, under the statute, to sustain action for slander.* Under section 1 of the Slander and Libel act it is sufficient to sustain an action if the words spoken by the defendant, in their common acceptation, when taken in connection with the rest of the conversation, falsely charge plaintiff has committed adultery.

2. SAME—*all slanderous words charged to have been spoken need not be proved.* It is not necessary to prove all the slanderous words charged to have been spoken by defendant if any set of words in one or more of the statements of slanderous words charged in the declaration are substantially proven.

3. SAME—*words which charge adultery are actionable per se.* Words falsely charging a person with having committed adultery are actionable *per se*, under section 1 of the Slander and Libel act.

*Iles* v. *Swank*, 105 Ill. App. 9, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

This was an action for slander, brought by the appellee, Emma L. Swank, in the circuit court of Vermilion county, against the appellant, Wesley Iles. The declaration alleged in seven counts, one of which was afterwards dismissed, that the appellant had spoken certain slanderous words about the appellee, charging her with being an unchaste person and guilty of adultery, the spoken words being set out in the various counts and coupled with the necessary colloquium and innuendoes. The case was tried before the court and a jury, and a verdict was returned for the plaintiff, assessing her damages at $1500. The judgment entered on the verdict has been affirmed by the Appellate Court.

G. W. SALMANS, and FRED DRAPER, for appellant.

PENWELL & LINDLEY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

It is insisted by appellant that the language set out in the declaration was not a charge that appellee had at any time committed adultery, but only that she had a disposition to and would commit adultery if approached properly, and that the alleged spoken words were not, therefore, actionable *per se.* The several counts, however, do charge appellant with having said that appellee had been guilty of adultery. It is charged in the second and fourth counts that appellant, in a conversation respecting appellee's chastity, said of appellee that "she keeps a public house; I could do business with her if I wanted to; have seen lots of that going on there." The charge that she kept a public house is reiterated in the third and fifth counts. The sixth and seventh counts, in charging certain conversations had by appellant with another about appellee's character for virtue, allege that appellant said of her, "I know her to be that kind of a woman;" "she is that kind of a woman." These words, coupled with the proper colloquium and innuendoes, the vulgar details of which need not be stated, charge not only that appellant would commit adultery, but that she had committed adultery, and such would be their common acceptation when taken in connection with the rest of the conversation. This is sufficient, under the statute.

Appellant offered an instruction as to each count, to the effect that the language in the same was not actionable *per se.* These instructions were properly refused by the court. The following was the only instruction given for the plaintiff:

"The court instructs the jury that while it is necessary, to entitle the plaintiff to recover in an action of slander, that she should prove the slanderous words

alleged in the declaration or some count thereof, still it is not necessary to prove all the words that are charged to have been spoken. It is sufficient to prove substantially any set of words in some one or more of the statements of slanderous words contained in the declaration and the different counts thereof."

This instruction was proper, as all the counts charged slanderous words actionable *per se*. *Ransom* v. *McCurley*, 140 Ill. 626; *Thomas* v. *Fischer*, 71 id. 576.

Finding no error in the record the judgment will be affirmed.                                        *Judgment affirmed.*