### Frederick Newstedt, Appellee, v. Herman P. Meyer, Appellant.

#### Gen. No. 15,100.

1. SLANDER—*what proof of words spoken sufficient.* In an action for slander the plaintiff "must prove enough of the words to amount to the substance of the charge;" otherwise expressed, the words alleged to constitute a slander must be substantially proven which does not necessarily mean that equivalent words will suffice but substantially the very words charged as constituting the slander for which the action is brought to recover damages must be proven.

2. INSTRUCTIONS—*when refusal of correct will not reverse.* If the substance of a correct instruction is embodied in another instruction given, its refusal will not reverse.

3. VARIANCES—*when objection for comes too late.* An objection of variance not brought to the attention of the trial court at any time comes too late.

Action of slander. Appeal from the Superior Court of Cook county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed May 19, 1910.

McMAHON & CHENEY, for appellant.

JOHN C. KING and JAMES D. POWER, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The declaration is in slander for words spoken by appellant, the master, of and concerning appellee, his servant. The words charged to have been uttered of and concerning appellee in the presence of others are in themselves actionable *per se*. These are the words: "You have been stealing my lumber." A trial before the court and jury resulted in a verdict of guilty and an assessment of damages at the sum of $500, upon which verdict judgment was entered after the overruling of motions for a new trial and in arrest of judgment.

Appellant grounds his contention for a reversal on the claim that the court erred in the giving of two instructions requested by appellee, in refusing to give an instruction proffered by appellant, variance between the slanderous words alleged and those proven to have been uttered, and that the verdict is not sustained by the evidence, but is contrary to its manifest weight and that the amount awarded is excessive.

The first objection is directed against the use of the word "substantially" in the concluding paragraph of the third instruction, which reads: "It is sufficient to prove *substantially* the words in some one or more of the statements of slanderous words contained in the declaration." The cases cited by counsel for appellant fail to sustain their contention. In Albin v. Parks, 2 Ill. App. 576, the court say: "He must prove enough of the words to amount to the substance of the charge." In Crotty v. Morrissy, 40 Ill. 471, it is said: "He did not prove the speaking substantially as he had alleged them." In Ransom v. McCurley, 140 Ill. 626, the court say: "It is well settled that to authorize a recovery in an action for slander, the words laid in the

declaration, or enough of them to charge the particular offense alleged to have been imputed, must be proved substantially as charged.'' Many other decisions are to a like effect. The words alleged to constitute the slander must be substantially proven. That does not necessarily mean that equivalent words will suffice, but substantially the very words charged as constituting the slander for which the action is brought to recover damages must be proven. Reliance is placed upon a decision of this court in the Fourth District—Hill v. Leffler, 133 Ill. App. 266—but as that case is diametrically contrary to Iles v. Swank, 202 Ill. 453, where an instruction in every essential particular similar to the one under discussion is approved, we are not at liberty to follow the Fourth District and ignore the decision of the court of *dernier ressort*. Neither the privilege nor the power to proceed contrary to the expressed decision of that tribunal is reposed in this court. It alone can change or depart from the law which it has on any occasion solemnly pronounced. Our duty is plain and we have no disposition in this case, even had we the authority, to depart from it. The criticism made of the other ''fourth'' instruction is equally without force. All that was material in this instruction was embodied in the last instruction given at appellant's instance, in which the jury were told that unless they believed from a preponderance of the evidence that appellant spoke the words, ''You have been stealing'', their verdict should be not guilty. We are unable to discover by the uttermost refinement of reasoning how the jury could possibly have been misled as to the absolute necessity of appellee proving that the words charged as uttered concerning him were in fact spoken as charged, before appellee was entitled to recover. We perceive no reversible error in any of the court's rulings on instructions.

There is testimony both of appellee and his witness Larson that the slanderous words charged were uttered on the occasion set forth in the declaration. How-

ever, it is a fact that under cross-examination both appellee and his witness Larson, who were both born to an alien tongue, did change the tense of the verb "steal" from "stealing" to "stole". All the evidence considered, it was for the jury therefrom to say by their verdict whether the words charged were in fact uttered. Certain it is that there is sufficient evidence on that point to support the verdict; consequently we are not authorized to disturb it unless we can say it is contrary to the manifest weight of the evidence. This we are not justified in doing. Moreover, if there was a variance between the averment and the proof, the point is waived because the case was closed in the trial court without objection being made on the ground of variance. Nor was the variance now claimed to exist brought to the attention of the trial court at any time. Ransom v. McCurley, *supra*. The object of the rule requiring an objection to be made in the trial court is in furtherance of justice, enabling a party having a meritorious cause to prevail by amending the pleading to conform to the proof.

In view of the fact that the utterance of the words charged was sustained by the evidence and constitutes slander *per se* for which the jury may award exemplary damages, we cannot say the verdict is excessive.

The judgment of the Superior Court is affirmed.

*Affirmed.*