## Mrs. Mary Wiese, Plaintiff in Error, v. Mrs. Dora Meissner, sued as Mrs. Richard E. Meissner, Defendant in Error.

### Gen. No. 17,149.

1. MUNICIPAL COURT—*rule 26 construed.* Municipal Court rule 26, providing that if the party filing a statement of claim or affidavit is relying on a cause of action or defense "clearly unfounded in law" the court may order it stricken out and dismiss or enter judgment accordingly, will be construed to mean that if the statement does not set out a cause of action or if the affidavit of the defendant does not set forth facts constituting a legal defense they may be stricken from the files.

2. MUNICIPAL COURT—*rule 26 construed.* The object of Municipal Court rule 26, providing that a statement of claim or defense based on a cause of action "clearly unfounded in law" may be stricken from the files, evidently is to have a motion to strike out perform the office of a demurrer at common law.

3. MUNICIPAL COURT—*what slight departure from rule 26 should not reverse.* Though an order dismissing a suit for want of sufficient statement does not strictly conform to Municipal Court rule 26, providing that a statement may be stricken if cause of action "clearly unfounded in law" is relied on, such informality should not reverse.

4. SLANDER—*when declaration alleging demurrable.* A common-law declaration containing no allegation of a publication of alleged slander would be demurrable.

5. MUNICIPAL COURT—*when allegation of publication of slander sufficient.* On action in the Municipal Court for slander, the statement as to publication is sufficient where it is alleged that the words were spoken "in the presence of divers persons."

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed July 23, 1912.

HERMANN P. HAASE, for plaintiff in error.

AUGUST MARX and AUGUST R. MARX, for defendant in error.

Mr. Presiding Justice Clark delivered the opinion of the court.

This action was brought in the Municipal Court of Chicago as a case of the fourth class in tort. The amended statement of claim recites that "Plaintiff's claim is for damages on account of certain false and slanderous words uttered by the defendant, in the presence of divers persons, on or about the fifteenth day of February, 1910, of and concerning the plaintiff, then and now a married woman, as follows." Then follow a number of allegations of statements alleged to have been made by the defendant, which need not be set forth in this opinion. The conclusion of the amended statement is as follows: "meaning and intending thereby to charge that the plaintiff had been and was guilty of the crime of adultery, to the damage of the plaintiff in the sum of $1,000, and therefore the plaintiff brings this suit."

The original statement of claim was held not to be sufficient. The plaintiff filed one or more amended statements, and finally the one to which reference has been made. After the last amended statement was filed the court sustained a motion of the defendant to dismiss the suit for want of a sufficient statement, and a judgment for costs was rendered against the plaintiff. This judgment we are asked to reverse.

It is first insisted that in actions of the fourth class the Municipal Court has not power to dismiss the case for want of a proper statement. The case of Edgerton v. C. R. I. & P. Ry. Co., 240 Ill. 311, is cited as authority upon this proposition. In that case the Supreme Court held that in suits where no written pleadings are required, the same rule will govern as controls the form of action before justices of the peace and that the party suing need not even name his action, or if misnamed that fact will not affect his rights if upon hearing the evidence it appears he is entitled

to recover, and the court has jurisdiction of the defendant and the subject-matter of the litigation. We should regard this decision as controlling upon us in this case were it not for the fact that under the statute the Municipal Court has authority to establish rules, and has done so. By Rule 26 it is provided that if it appears that the party filing a statement of claim or affidavit is relying upon a cause of action or defense that is clearly unfounded in law, the court may order the same stricken out, and the action to be dismissed or judgment to be entered accordingly, as may be just. It is impossible to conceive of a cause of action "clearly unfounded in law." In order that the rule in this respect may not be treated as meaningless, we assume that the idea meant to be conveyed was that when the court finds that the statement of claim does not set out a cause of action an order may be entered striking the statement from the files, and that where the affidavit required to be made by the defendant does not set forth facts which would in law constitute a defense it may be stricken from the files. The object of the rule evidently is to have a motion to strike out perform the same office as would a demurrer under the common law practice. The order entered by the court was not strictly in conformity with the rule, in that it did not, as required by the rule, strike out the statement of claim. In our opinion, however, this informality should not cause a reversal. The words used with the innuendoes and colloquiums, if proven, would, in our opinion, clearly establish the charge of slander, and were actionable *per se.* Iles v. Swank, 202 Ill. 453; Spolek Denni Hlasatel v. Hoffman, 204 Ill. 532.

It is insisted by the defendant in error that the words not being alleged to have been spoken in the hearing of a third person, the statement is insufficient inasmuch as that fact must be shown in order to

constitute a publication. Undoubtedly a common law declaration which did not have this allegation would be demurrable. Frank v. Kammsky, 109 Ill. 26. Section 40 of the act creating the Municipal Court, however, provides that in an action of tort the statement "shall consist of a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case he is called upon to defend, but nothing herein contained shall be construed to require the statement of claim in any action for a tort to set forth the cause of action with the particularity required in the declaration at common law."

If the words were spoken in the presence of divers persons, it would be a fair presumption that it was in their hearing, and whether or not they were heard by them would be developed by the testimony. We think the statement sufficient, and that the court erred in entering the order dismissing the suit and in entering judgment for costs against the plaintiff. The plaintiff was deprived of a hearing on the merits of a claim sufficiently stated, and thus an injustice was done which under the statute it is our duty to correct.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*