ANDREW DARLING, Plaintiff in Error, *v.* ABSALOM BANKS, Defendant in Error.

ERROR TO RICHLAND.

To charge a witness with swearing falsely upon a material point is actionable, and the party making the charge can only excuse himself, by showing that the witness was guilty of perjury. The justification must be as broad as the charge.

In a suit for slander the same strictness is required in establishing justification, as in sustaining a prosecution for perjury. But if the charge was made in reference to only a particular portion of the testimony of a witness, the question of materiality is open to investigation ; and if it turns out that the testimony was immaterial, the words are not actionable.

In such a case, it may be shown under the general issue, that the testimony to which the charge was applied was immaterial, and, therefore, that the crime was not imputed.

THE opinion of the court sets out the pleadings in this action and the substance of the testimony offered at the trial. The cause was heard before HARLAN, Judge, and a jury, at March term, 1852, of the Richland Circuit Court.

C. H. CONSTABLE, for plaintiff in error.

A. KITCHELL, for defendant in error.

Darling *v.* Banks.

Treat, C. J. This was a suit for slander, brought by Banks against Darling. The declaration alleged that the plaintiff gave testimony as a witness, in a cause pending before a justice of the peace, between one Brown and the defendant; and that the defendant said in reference to that testimony, that the plaintiff swore to a lie, intending thereby to charge him with the crime of perjury. The defendant pleaded not guilty; and gave notice that he would prove in defence, that the testimony given by the plaintiff, on the trial mentioned in the declaration, was false.

The plaintiff introduced the following evidence. Terry testified, that he was present at the trial between Brown and the defendant, and heard defendant say to plaintiff, " You know that when you swore the settlement was after the boats were finished, you swore a lie ; I can show by my books the settlement was in February, and the boats were not done till March or April, and, according to that, you swore a lie." The plaintiff swore, on the trial, that what he understood as a settlement between Brown and the defendant, took place at defendant's store, in March or April, 1851 ; Hayward then asked plaintiff if it might not have been in February, to which he answered, that it was after he finished the defendant's boats, and he did not finish them till March or April. Powers testified, that a day or two after the trial he heard defendant say, that plaintiff " did swear a lie, and he could prove it yet by his books ; " and he went on to state in what plaintiff had sworn falsely, and mentioned the time of the finishing of the boats. The plaintiff swore, on the trial, that he was in defendant's store in March or April, 1851, and heard a settlement between him and Brown ; Hayward asked him if it might not have been in February, and he replied, it was after he got defendant's boats done, for he was loafing at the time. Shelby testified, that the plaintiff swore, on the trial, that the settlement was in March or April; that it might have been in February, but he knew it was after he finished defendant's boats. Brown, the plaintiff in the suit before the justice, testified, that the settlement between him and defendant was made on the 11th of February, but he did not recollect whether plaintiff was present. Byers testified, that he heard defendant make the declaration detailed by Powers. Lutz testified, that plaintiff swore, on the trial, that the settlement was made in March or April, and in answer to a question by Hayward, he said it might have been in February, but it was after the boats were done : witness thought the boats were finished in March, for he worked on them in that month. Spring testified that plaintiff swore the settlement was made in March or April; that

he was not positive as to the time, but it was after the boats were done, and he knew they were not finished in February. Lilly and Spangler testified, that plaintiff swore the settlement was made after the boats were finished.

The evidence on the part of the defendant was as follows. Newell testified, that he was present at the settlement, and it was made about the 11th of February, 1851; the boats on which the plaintiff worked were not finished for three or four weeks after that time. Gray testified, that he worked for the plaintiff on the boats between the 20th of February and the 10th of March, and when he left, one of them was unfinished. Joy testified, that plaintiff swore the settlement was in March or April, for he was loafing at the time. Totten testified, that plaintiff swore he thought the settlement was in March or April, and after he had finished work on the boats. Hayward testified, that he asked plaintiff on the trial, if the settlement might not have been made in February, and he replied, "No; at any rate, it was after I got through my work on the boats, for I was loafing at the time, and that was after I got through work on the boats." The jury returned a verdict in favor of the plaintiff for $300. The court refused to grant a new trial, and judgment was entered on the verdict.

This action was not brought under the statute which declares it to be actionable to charge another with false swearing, without reference to a judicial proceeding. The declaration alleged that the words were spoken concerning the testimony given by the plaintiff on the trial of a certain cause, and that the defendant thereby intended to charge him with the commission of the crime of perjury. The case must, therefore, be considered with reference to the common law, and inspection of the statute. To constitute the offence of perjury, a party must swear falsely respecting a fact material to the issue. If he swear falsely as to an immaterial matter, he is not guilty of perjury. It is actionable to charge a witness with swearing falsely upon a material point; and the party making the charge can only excuse himself by showing that the witness was guilty of perjury. The justification must be as broad as the charge. The same strictness is required in establishing a justification, as in sustaining a prosecution for perjury. But if the charge was made in reference to a particular portion of the witness's testimony, the question of its materiality is left open for investigation; and if it turns out that the testimony was wholly immaterial, the words are not actionable, and the suit cannot be maintained. Crookshank *v.* Gray, 20 Johns. 344; Ross *v.* Rouse, 1 Wend. 475. In such case, the defendant may show, under the general

issue, that the testimony to which the charge was applied was immaterial, and, therefore, that he did not impute the crime of perjury to the witness. Sibley v. Marsh, 7 Pick. 38; Coons v. Robinson, 3 Barbour's Sup. C. R. 625.

In the present case, the defendant did not apply the charge of false swearing to the plaintiff's testimony generally. He pointed out only a part of the testimony, and characterized it as false. He asserted that the plaintiff swore falsely, in stating that the settlement was made after the boats were finished. The charge did not relate to the rest of his testimony. It conclusively appeared from the evidence, that the plaintiff swore that the settlement was made after he had finished the defendant's boats; and it as clearly appeared, that the settlement was in fact made several weeks before the boats were completed. If the time when the settlement took place was not a material inquiry on the trial between Brown and the defendant, then the words proven were not actionable, for they did not amount to a charge of perjury. But if the time of the settlement was material, the evidence clearly showed that the charge was true, and the defendant was justified in making it. In either point of view, the evidence did not authorize the verdict, and the court should have granted a new trial.

The judgment must be reversed, and the cause be remanded.

*Judgment reversed.*