JEREMIAH CROTTY

*v.*

THOMAS MORRISSEY.

1.  SLANDER — *allegations and proofs — what is sufficient proof of the words charged.*  Where the slanderous words charged to have been spoken were: "He stole $200 from me when I was drunk," proof of those words except the words, "when I was drunk," was sufficient, as the words not proven did not qualify the other words so as to free them from their slanderous quality.

2.  But that set of words would not be substantially proved by the words: "Morrissey stole $200," "Morrissey is a thief," as there is a manifest difference between a charge contained in these words and the charge contained in the words: "He stole $200 from me."   Even if equivalent words, the proof of them is not sufficient.

3.  Where the words charged were: "It is my opinion he steals a part of the money that he collects at the Catholic church at Seneca," proof that defendant said, plaintiff stole part of the money he collected in the Catholic church, is not sufficient to support the charge; stealing from the Catholic church, is not, in substance, the same as a charge of stealing from a particular Catholic church, namely, "the Catholic church at Seneca."

4.  EVIDENCE — *degree of proof required to support a plea of justification in slander.*   Where a plea of justification in an action for slander accuses the plaintiff of larceny, the defendant thereby virtually prefers an indictment against him for that offense, and to sustain the plea the guilt of the party charged must be established beyond a reasonable doubt.   So far as the degree of proof is concerned, the plaintiff occupies the same position as if he were upon trial on an indictment for the offense charged in the plea.

APPEAL from the Circuit Court of La Salle county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

The facts in this case are sufficiently stated in the opinion of the court.

Mr. GEORGE C. CAMPBELL, for the appellant.

Mr. O. C. GRAY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case brought in the Circuit Court of La Salle county by Thomas Morrissey against Jeremiah Crotty, for slander. The defendant pleaded the general issue to the whole declaration, and as to one set of words, a special plea of justification. Several sets of slanderous words were charged in the declaration, as having been spoken by Crotty of Morrissey. One set of the words was this: "He stole two hundred dollars from me when I was drunk." To this was the plea of justification. Another set was, "it is my opinion he steals a part of the money that he collects at the Catholic church in Seneca." Plaintiff had a verdict and judgment.

The first set of words was proved, except the words, "when I was drunk." This we deem sufficient, as the words, "when I was drunk," do not qualify the other words, so as to free them from their slanderous quality. As to the other set, the proof was, that defendant said, plaintiff stole part of the money he collected in the Catholic church. This does not support the charge in the declaration, that he stole a part of the money he collected in the Catholic church in Seneca. On the familiar principle that the allegations and proofs must correspond, the plaintiff failed in proving this set of words. He did not prove the speaking substantially as he had alleged them. By the allegation, the defendant was called upon to defend against a specific charge of stealing from the Catholic church at Seneca, and to that his defense would be directed. Stealing from the

Catholic church, is not in substance the same as a charge of stealing from a particular Catholic church, namely, " the Catholic church at Seneca." *Sandford* v. *Gaddis*, 15 Ill. 228 ; *Norton* v. *Gordon*, 16 id. 38.

If the defendant desired to plead justification of this charge as alleged in the declaration, it would not have been sufficient to have alleged in his plea that he stole money collected for the Catholic church, generally. The justification must, on well known rules, be as broad as the charge.

In this view, the counsel for appellant asked the court this instruction : " Proof that Crotty said in hearing of Vaughey at his store, ' I assert it as my opinion, sir, that he steals part of the money he collects for the Catholic church,' and that he said in the hearing of Carpenter, at Vaughey's store, ' in my opinion he stole money from the Catholic church,' and that he said in Underhill's hearing, ' Mr. Morrissey stole two hundred dollars from me, and to the best of my belief he had taken some from the church,' is not proof of the words substantially the same with, and does not support any of the charges of, the plaintiff's declaration."

This instruction was refused, and we think improperly, for the reasons given. These persons named are the only witnesses who testified as to this set of words, and we have said they are not in substance the same as those contained in the declaration.

It is objected that certain other instructions asked by the defendant were refused, and among them, the third and sixth.

The third should have been given, for the reasons already stated in discussing the sixteenth instruction, as it presents the same point.

The sixth instruction was as follows : Proof that Crotty said, in the hearing of Nickerson, at the railroad, on the platform, and in other places, " Morrissey stole two hundred dollars," " Morrissey is a thief," is not proof substantially the same with, and does not support any of the charges of, the plaintiff's declaration.

The objection to this instruction is so obvious, as to render argument unnecessary. All the authorities concur on the point, that the words spoken must be substantially proved. There is a very manifest difference between a charge contained in the words, "Morrissey stole two hundred dollars," "Morrissey is a thief," and the charge contained in the words, "he stole two hundred dollars from me." Even if equivalent words, *Norton* v. *Gordon, supra,* decides, that proof of such words is not sufficient, and such is the current of authorities.

The appellant also complains that the court refused the twenty-second instruction asked by him. It was this: "It is not necessary for the defendant in this case to prove the guilt of the plaintiff beyond a doubt; it is enough, on the plea of justification, for the defendant to show by a clear preponderance of testimony, that plaintiff is guilty as therein charged."

This instruction was properly refused. By the plea of justification, the defendant accused the plaintiff of larceny of money, and placed the charge on the records of the court, there to remain forever. By so doing, he virtually preferred a bill of indictment against the plaintiff for larceny, and put him upon his trial. Since then, on the trial of an indictment for larceny, guilt must be established beyond a reasonable doubt, and not on the preponderance of the evidence, so in this case, the jury should be satisfied beyond a reasonable doubt of the guilt of the plaintiff on the trial of the plea. *Darling* v. *Banks,* 14 Ill. 46.

We do not perceive any other point necessary to be discussed and decided.

For the refusal of the court to give instructions three, six and sixteen, asked by the appellant, the judgment must be reversed and the cause remanded for a new trial.

*Judgment reversed.*