## EDGAR F. SMITH *v.* HIRAM G. MOORE.

October Term, 1901.

Present: TAFT, C. J., TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 12, 1902.

*Slander—Different publications—Re-election of date—Evidence—Currency of slanderous report—Standing of defendant—Loss of employment—Language charged—Proof—Variance—Charge of crime.*

In an action for slander, it is proper to allow the plaintiff who has elected to stand upon a publication of the alleged slanderous report upon a certain date, to elect over so as to stand upon a publication on a different date, though thereby a conversation not relied upon for a recovery is placed before the jury.

Where the slanderous charge consists in calling the plaintiff a thief, evidence that the defendant, in the same conversation in which he made such charge, said that the plaintiff had been discharged from former positions for dishonesty, is admissible.

In an action for slander, it is proper for the plaintiff to ask a witness if there was any rumor in the vicinity that the defendant had made the charge against the plaintiff set up in the declaration, as bearing upon the question of damages.

In an action for slander, evidence that at the time of the publication thereof the defendant held, and prior thereto had held, certain town offices, is admissible.

In an action for slander, it is not competent for the defendant to show that there was a slanderous report in circulation against the plaintiff which originated with persons other than himself.

In an action for slander, the plaintiff may show that by reason thereof he lost his employment, and that his employer gave this as the reason of his discharge.

In an action for slander based upon a charge of dishonest practices, the plaintiff may show in rebuttal, that, prior to the date of the publication of the slanderous charge, there were no reports of his dishonesty in circulation.

6

The allegation in the declaration, "He is a thief," is a complete charge in itself, and since it was supported by the evidence, is sufficient to sustain the action, without proof of other allegations therein of the same character.

The plaintiff's relation to the business of his employment was such that he became the bailee of the manufactured product and the avails of the same when sold, and would be guilty of larceny if he converted a portion of either to his own use; therefore charging him with being a thief, imputed the crime of larceny.

CASE for slander. Plea, the general issue. Trial by jury at the September Term, 1900, Washington County, *Rowell,* J., presiding. Verdict for the plaintiff. The defendant moved in arrest of judgment. Motion overruled, *pro forma,* and judgment rendered on verdict. The defendant excepted.

*Charles E. Woodward, Jr.* and *Frank Plumley* for the defendant.

The permission given the plaintiff to elect over and stand on the conversation which the defendant had with Cutler on November 16, after the plaintiff had introduced the conversation which defendant had with Smith on November 15, as a substantive ground for recovery, was prejudicial to the defendant, because he was deprived of the important right of having the limitation of the use of this evidence go to the jury in advance of the evidence itself.

The plaintiff should not have been allowed to show that there was "any rumor" of these accusations; he should have been limited to current and general rumor. It is only in Vermont that evidence of a general rumor is admissible, and the doctrine should be restricted and not extended. Townsend on Libel and Slander, 652; *Leonard* v. *Allen,* 11 Cush. 241.

The plaintiff was not entitled to show that the defendant had held town office, no particular office being specified. *Stanwood* v. *Whittemore,* 63 Me. 209; *Prescott* v. *Tousey,* 50 N. Y. Sup. Ct. 12.

It was error to allow Kelton to testify to a rumor of the defendant's charge in circulation after this suit was brought. Newell on Slander and Libel, 856.

The plaintiff should not have been allowed to testify in regard to the termination of his employment. Odgers on Libel and Slander, 317; Newell on same, 851-852-856; *Dudley* v. *Briggs,* 141 Mass. 582.

The variance between the allegations and proof is fatal. *Smith* v. *Miles,* 15 Vt. 245; *Smith* v. *Hollister,* 32 Vt. 695; *Dickey* v. *Andrus,* 32 Vt. 55; *Darling* v. *Clement,* 69 Vt. 297; *Baker* v. *Young,* 44 Ill. 42; *Gardner* v. *Self,* 15 Mo. 480; *Crothy* v. *Morrisey,* 40 Ill. 477; *Sanford* v. *Gaddis,* 15 Ill. 228; *Wilboro* v. *Odell,* 29 Ill. 456.

Considering the plaintiff's relations to the Creamery Association of which the defendant was a member, the allegations of the declaration only amount to charges of fraudulent practices, and do not amount to charges of crime. *Royce* v. *Madden,* 12 Vt. 51; *Wilcox* v. *Moon,* 63 Vt. 481; *Darling* v. *Clement, supra; Nott* v. *Stoddard,* 38 Vt. 25; Newell on Libel and Slander, 813.

This objection can be raised under a motion in arrest. *Bowdish* v. *Peckham,* 1 D. Chip. 144; *Hoyt* v. *Smith,* 32 Vt. 304; *Cass* v. *Anderson,* 33 Vt. 182; *Kimmis* v. *Stiles,* 44 Vt. 351; *Merrill* v. *Dearth,* 48 Vt. 65; *Ryan* v. *Madden,* 12 Vt. 51.

*J. P. Lamson* and *F. L. Laird* for the plaintiff.

The permission to elect over in regard to the date relied upon was properly granted. *Hoyt* v. *Smith,* 32 Vt. 304; *Cavanaugh* v. *Austin,* 42 Vt. 576.

If the defendant was or had been a town officer, that fact could be shown as bearing upon the probable effect of his statements in the community.

The evidence sufficiently sustained the charges. Verbal accuracy is not necessary, *Haselton* v. *Weare,* 8 Vt. 480; *Smith* v. *Hollister,* 32 Vt. 695.

The motion in arrest was properly overruled. *Sabin* v. *Angell,* 46 Vt. 740; *Billings* v. *Wing,* 7 Vt. 439; *Chapman* v. *Cook,* 2 Tyler 456; *Murray* v. *McAllister,* 38 Vt. 167; *Darling* v. *Clement,* 69 Vt. 292; *Merritt* v. *Dearth,* 48 Vt. 65.

TYLER, J. Action, case, for slander; plea, the general issue; trial by jury; verdict and judgment for plaintiff.

At the time of the alleged slander the plaintiff was in the employ, as butter maker, of the Plainfield Co-operative Creamery Association, which was a corporation duly organized; and it was his duty to test the milk of the patrons, ascertain the amount of butter fat, weigh each patron's milk, weigh the butter, keep a correct record of the quality of the milk, its weight, and the weight of the butter produced from it, and keep correct accounts with each patron. He had been in such employ since August, 1897, and for several years previous thereto he had had like employment with other creameries.

The defendant was a farmer having a large dairy, had been one of the leading promoters of this creamery and its first president, and at the time in question was a patron and the largest stockholder.

It appeared that upon the fairness and reliability of the milk test made by the plaintiff depended the fairness and reliability of the division of the proceeds of the business among the patrons, which was made each month, and that to raise or lower the test at any time raised or lowered the income. These tests were made monthly and the average was thus obtained, and the division of proceeds among the patrons was made on the monthly average of butter fat shown by the test.

The defendant became dissatisfied with his test as made and stated by the plaintiff, and accepted and acted upon by

the managers, and adopted means to make tests of his milk for himself; and he had tests made at another creamery, and also sent samples to the Vermont Experiment Station, and had received written reports thereof. From these investigations, his testimony tended to show that he became satisfied that his tests were wrong and that he was not getting his rightful share of the proceeds of the creamery; that he was especially convinced of this from the reports from the Experiment Station; and that the alleged slanderous words were uttered soon after his receipt of that report, and in consequence thereof.

He claimed that his statements were privileged because of his relation to the creamery as above stated, and that what he said was to officers of the creamery in an effort to obtain redress and prevent further damage to himself. The court held that both of these occasions were *prima facie* privileged, and charged on that subject in a manner satisfactory to the defendant.

1. A witness called by the plaintiff testified to a conversation that he had with the defendant November 15, 1899, which tended to support the declaration. He then called another witness and offered to prove by him, as a further ground of recovery, certain words spoken by the defendant in the conversation had with the witness November 16, to which the defendant objected for the reason assigned, that the recovery could only be for words spoken on one occasion, and that the plaintiff had elected November 15th. The plaintiff's counsel then asked leave to elect over, which the court granted, and the plaintiff chose to stand by the conversation of November 16, and the witness testified to that conversation; to this the defendant excepted. There was no error in this ruling. The conversation on the 15th was abandoned as the ground of recovery and that on the 16th substituted for it. It is true that the two conversations were thus placed before the

jury, and probably had an effect upon them; but conversations made before and after the one relied upon as ground of recovery, and even those had after the bringing of the suit, may be given in evidence for the purpose of showing the defendant's *animus,* and to enhance exemplary damages. It is also held proper to include in a single count, as ground of recovery, words spoken at different times and to different persons in relation to the same subject. *Hoyt* v. *Smith,* 32 Vt. 304.

2. The words spoken by the defendant by which he charged that the plaintiff had been discharged from other places for dishonesty, were part of the defendant's speech wherein he called the plaintiff a thief; therefore proof of those words was proper, although calling the plaintiff a thief was an entire charge.

3. The plaintiff asked a witness if there was "any rumor" in Plainfield and vicinity that the defendant had accused the plaintiff of stealing and being a thief in connection with his work at the creamery, to which the defendant objected that this evidence would only tend to show an "individual rumor." This, however, does not seem to have been the purport of the question. The word "rumor" signifies a flying or popular report, the common talk; therefore "any rumor" meant any current report and not the remarks of a single person. That it had become a current report that the defendant had made this charge was proper to be shown as bearing upon the question of damages. It was so held in *Nott* v. *Stoddard,* 38 Vt. 25, 88 Am. Dec. 633, and in *Crane* v. *Darling,* 71 Vt. 295, 44 Atl. 359. The repetition of a slander, so far as it is the result of the defendant's wrongful act, is always competent to be shown in evidence.

4. That the defendant at the time of the speaking of the words held, and for five years before that time had held, certain town offices, was a fact proper to be shown by the plaint-

iff as bearing upon the extent of the injury likely to have been suffered by him.   It is elementary that the social relation and standing of the parties to an action for slander may be shown and considered on the question of damages,—that of the plaintiff, because it tends to show the value of the character and reputation for the injury to which he brings the action; and that of the defendant, because it tends to show the weight which may be attached to his words, and his consequent power to inflict an injury by defamation of another.   18 Am. & Eng. Ency. 1095, and cases cited.   In the same work it is stated that, "It would seem obviously proper that the character of the defendant should be considered in determining the amount of the damages, for a man of high character may injure another more by defaming him, than a man of less character could do." See *Rea* v. *Harrington,* 58 Vt. 181, 2 Atl. 475, 56 Am. St. Rep. 561; 2 Greenl. Ev. 269.

5.   It was not competent for the defendant to show by way of defense that there was a slanderous report in circulation against the plaintiff which originated with other persons than himself.

Evidence tending to show charges made by the defendant in the presence of the witness King was properly admitted, under the rule above stated in respect to the repetition and extent of the circulation of slanderous words.

6.   It was competent for the plaintiff to show that by reason of these charges he lost his 'employment at the creamery, and that the directors gave this as the reason for not employing him.

7.   It was competent for the plaintiff to show in rebuttal that the rumor of these charges was not in existence prior to November 15.

8.   The defendant claimed a variance between the allegations and the proof, and moved for a verdict, which was denied.

The declaration, with *innuendoes,* charges in substance, that the defendant said of the plaintiff, in his business as a butter maker, that he was a thief, and had tested the defendant's milk for the last time; that the plaintiff was "a professional thereof"—meaning that he had long been accustomed to dishonestly test the milk which patrons delivered to the creamery, and by so doing could sell a portion of the butter made at the creamery and keep the proceeds; that he could steal before their eyes; that he had been stealing from him all summer, and that the defendant would prove it; that the plaintiff had been stealing from him all summer, and giving part of the proceeds of his stealing to his friends, and putting part into his own pocket; that the plaintiff was so dishonest and stole so much where he came from that his employers would not keep him, which was the reason he got his present employment; that he was an expert thief; that he was expert in stealing. The *innuendoes* are to the effect that the plaintiff's thieving was committed by means of dishonest tests, dishonestly weighing butter and keeping account thereof, so that he was able to and did deprive the defendant of, and steal from him, a part of his just share of the profits.

The testimony of the witness Cutler in respect to the conversation of November 16, upon which the plaintiff relied, was, in substance, that the defendant said to him that things were not right at the creamery; that the plaintiff was stealing every day; that he had stolen from him all he was going to; that he was going to carry his milk to the North Montpelier creamery; that the plaintiff was stealing right before their faces and eyes, and that he did not propose to have him steal from him any more; that he had a tester, and tested his milk every day and that he was not getting near what test he ought to; that they could not catch the plaintiff, because he was stealing right before their faces and eyes; that he was an expert in the bus-

iness, and that the reason they came to get him there was because he stole so and was so dishonest everywhere he had been that he was driven out; that the defendant said that he should prove what he said was true. The witness further testified, in answer to a question, that the defendant called the plaintiff a "thief," and upon being inquired of in what connection he used the word, replied, "I think he called him a d—d thief;" that, when speaking about not carrying his milk there any longer, said he would not carry it there as long "as they kept that d—d thief of a Smith."

The court held that the plaintiff could go to the jury upon three of the allegations, namely: (1) "He is a thief;" (2) "He has been stealing from me all summer, and putting it in his own pocket;" (3) "You got him here because he was so dishonest and stole so much where he came from, they would not keep him, that was why you were able to get him."

The question, then, is whether the proof above referred to sufficiently sustains the charges.

It is the general rule that in actions for defamation, the words must be proved as charged, and that there is a variance if the allegations and proof do not correspond; that it is not sufficient to prove equivalent words or those of similar import to the ones alleged; that the words alleged cannot be proved by showing that the defendant expressed the same meaning in different words. "In general, it will be sufficient to prove the words substantially as charged. The old rule in slander that the words must be proved precisely as laid in the declaration is obsolete; and now the action will be sustained by proof that the defendant spoke words concerning the plaintiff, slanderous in their natural and obvious meaning, and the same in substance as those stated in the declaration; but this must be done or the action will fail." 13 Ency. Pl. & Pr. 62-65. It is laid down in the same work that it is not necessary to prove

all the words laid unless they constitute one entire charge; that it is sufficient to prove the words charged to have been spoken, and the omission of words not varying the sense is immaterial; that proof of a part of the words, if actionable in themselves, is all that is required. These rules are, in substance, as laid down in *Smith* v. *Hollister,* 32 Vt. 695,—that the charge must be proved in substantially the same words laid in the declaration, and not by showing that the defendant expressed the same meaning in different words; that any mere variation in the form of expression, only, is not material. See also *Hazelton* v. *Weare,* 8 Vt. 480; *Skinner* v. *Grant,* 12 Vt. 456. In *Smith* v. *Miles,* 15 Vt. 245, the court said: "The jury must find the speaking of the words as alleged; that is, so many of the same words as go to constitute the sting of the charge." Applying these familiar rules to the case, we find no variance. The charge, "He is a thief," was supported by the testimony of Cutler, above recited. Cutler's testimony also supported the charge in respect to the plaintiff having been dismissed from other places, and this association employing him. The charge, "He has been stealing from me all summer," etc., was not proved by any evidence of which we have a transcript, and it was not necessary to prove those words in order to maintain the action. The words, "He is stealing from us every day," do not support this charge. It is sufficient if those proved were in themselves actionable. Calling the plaintiff a "thief" was an entire charge, and it was not necessary to prove how long the thieving had been carried on, although alleged.

The defendant moved in arrest of judgment on the ground of variance, and that the three allegations did not, by reason of the plaintiff's relation to the creamery, impute the crime of larceny; that the words employed in these allegations only imputed to the plaintiff fraudulent acts and fraud com-

mitted by him upon the defendant.    But the case shows that the plaintiff was the employee of the association; therefore he was a bailee of the butter when manufactured and of the proceeds when it was sold; and, if he converted a portion of the butter or of the proceeds to his own use, he thereby committed larceny, and larceny of the defendant's property, for a part of the butter and proceeds of sale were his. The motion in arrest was properly overruled.

*Judgment affirmed.*