## Harris Solomon v. Edward Buechele, etc.
### Gen. No. 11,900.

1. ASSAULT AND BATTERY—*rule of evidence pertaining in civil action for*. In a civil action for damages for personal injuries received as the result of an assault and battery where the act or acts which constituted such assault and battery were not of such a criminal character as might be attended with infamy and were not in any respect felonious, it is only essential that the plaintiff establish his case by a preponderance of the evidence.

2. VERDICT—*when not excessive*. A verdict for $5,000 is not excessive in an action for assault and battery where it appears that the plaintiff, a boy of twelve years, sustained a fracture of the skull resulting in partial and more or less temporary paralysis and a permanent injury.

Action of trespass for assault and battery. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed April 10, 1905.

Benjamin Levering, for appellant.

Brandt & Hoffman, for appellee.

Mr. Justice Brown delivered the opinion of the court.

This is an appeal from a judgment for $5,000 rendered by the Superior Court of Cook County on the verdict of a jury in an action of trespass for assault and battery. The first count of the declaration in effect alleges that the defendant hit the plaintiff on the head with a stone or piece of metal, and hurt him, and the four other counts in different language charge the same thing.

The defendant pleaded that he was not guilty of the trespasses or any of them, laid to his charge.

The plaintiff was a boy twelve years old at the time of the alleged assault. May 14, 1900, at about six o'clock in the afternoon, he was, in company with five other children, playing on the roof of a shed connected with the house in which he lived with his mother on Division street in Chicago. The shed was about eight feet high. The children in their play meddled with a rope attached to the appellant's house next door, and apparently angered appellant. At all events he came out on his porch, about 15 or 18 feet away from appellee and 8 or 10 feet higher up, and ordered the children to untie the rope from some point to which they had fastened it. They failed to do so. The appellant then threw something in the general direction of the children, and the appellee jumped or fell to the ground. It was found shortly afterward that his skull was fractured on the right side. There was a contusion as large as a walnut on his scalp, and beneath, a fracture, which caused a blood clot on the brain and partial paralysis. The operation of trepanning was performed on him, and after a month or more at the hospital his condition was improved. But the use of his left hand and arm is very much limited, if not destroyed. There is considerable atrophy, and this condition is thought by physicians to be permanent.

The foregoing facts may be said to be undisputed. Everything else throwing any light on the issues involved in

this case apparently is disputed, and the testimony is conflicting to a degree and in a manner which leaves no place for any hypothesis of innocent mistake, forgetfulness or misrecollection. There was conscious perjury before the jury on one side or the other.

The appellee testified that as he sat on the shed he felt something strike him on the head and knew no more until he found himself on the ground in the yard, and that he afterward walked around to Division street and went upstairs to his mother, after which he remembers going to the doctor and nothing more until after the trepanning at the Baptist Hospital.

All the other five children who were on the roof testified that just before appellee fell or jumped to the ground, they saw the appellant throw something in the direction of appellee, and two of them swore that they found a small piece of iron in the yard afterward and threw it away.

It would be useless even to allude in detail to the evidence offered by defendant. He denied throwing anything at the children except a small piece of boiled potato, and that, a half hour before, and produced other witnesses who testified to matters tending to cast doubt on the story of the plaintiff and his witnesses and to establish the theory of the defense,—that the plaintiff incurred the injury to his head through accident in which the defendant had no part. This evidence offered by him would tend to show even, that the injury must have taken place at some time later than alleged by the plaintiff.

Despite the youth of the witnesses for the plaintiff (their ages ranging from eight to fourteen at the time of the injury and from twelve to eighteen at the time of the trial), their testimony cannot be disregarded, and as we have said, there is no possibility of arriving at a conclusion about the facts of this case without weighing the credibility of witnesses produced for each party.

If the appellant and his witnesses are to be believed, the verdict and judgment were plainly wrong. If the appellee

and his witnesses are to be trusted, they were plainly justified.

The credibility of the respective witnesses who swear to diverse stories is in all such cases as this a matter peculiarly for a jury to determine. In this case a jury has heard and seen the witnesses and formed its conclusions, and we should not be justified in reversing its decision on any ground which involved our holding as the more worthy of belief the testimony which is rejected.

It is assigned as error and urged in argument, however, that the wrong rule for weighing the evidence in this cause was given to the jury by the trial court. Counsel for appellant asked for the following instruction:

"The court further instructs you that in order to prove against one the charge of the commission of the crime of assault and battery in this state, it is necessary that the evidence establishes beyond a reasonable doubt an assaulting and beating with the wilful intent to injure another, proof of carelessness or negligence is not sufficient and does not constitute proof of assault and battery."

The court refused to give it, giving this instead:

"The court further instructs you that in order to prove against one the charge of assault and battery, it is necessary to establish by a preponderance of the evidence an assaulting and beating with a wilful intent to injure another, proof of carelessness or negligence is not sufficient and does not constitute proof of assault and battery."

The appellant strenuously insists that this modification was erroneous. Because assault and battery is an offense under the criminal law of Illinois, he says that its perpetration must, even in a civil action, be proved beyond a reasonable doubt before one charged with it can be legally held liable. If this be so, the modified instruction was prejudicially erroneous. Counsel for appellee, however, urge that the question involved in this instruction is not properly before us because there is no express statement in the bill of exceptions that the instructions therein set forth were all that were given.

Solomon v. Buechele.

Since the decision by the Supreme Court of Siegel, Cooper & Co. v. Norton, 209 Ill. 201, at least, there has been no doubt that we are called upon to examine instructions, objections to which have been properly preserved by exceptions and a motion for a new trial, whenever by reasonable intendment, it appears that all those given at the trial have been inserted in the bill of exceptions. This may appear without an express certificate to that effect by their being numbered and presented as a connected series. They are so presented in the case at bar.

We do not, however, agree with the appellant's contention involved in this assignment of error. The rule invoked by the appellant, if it did not have its origin altogether in actions of slander and libel, where it was applied to charges of crime made in pleas of justification, has found its chief expression in such cases. 2 Greenleaf on Evidence, sec. 426. To whatever extent it goes, it may be called the English rule. The weight of American authority outside of Illinois is to the contrary and supports the doctrine that in civil cases the commission of any crime directly in issue may be determined by the preponderance of the evidence. Reynold's Stephen's Digest of the Law of Evidence, Article 94; 2 Wharton on Evidence, sec. 1246, and cases cited. In Illinois, however, in a series of cases beginning with Crandall v. Dawson, 1 Gilman, 556, the English rule has been applied to charges of infamous crimes made in pleas of justification in slander suits. In Crandall v. Dawson the charge in the plea of justification was perjury. So, too, in Darling v. Banks, 14 Ill. 46. In Crotty v. Morrissey, 40 Ill. 477, it was grand larceny. In Harbison v. Shook, 41 Ill. 141, again it was perjury. These, it will be observed, are crimes which are both felonious and infamous. Starr & Curtis Statutes, chapter 38, sec. 458.

In Sprague v. Dodge, 48 Ill. 142, which was an action of assumpsit upon a lease where there was evidence tending to prove that the defendant set the leased property on fire, Mr. Justice Lawrence delivering the opinion of the court used this language: "Where in civil cases a criminal

offense is charged in the pleadings, it has been held the offense charged must be proved beyond a reasonable doubt. *This has been adopted as the rule of this court in actions of slander charging a criminal offense.* * * * But even in those courts where the more rigid rule obtains, it is held only to apply to cases where the charge of criminality is made in the pleadings. The counsel for appellant cite no authority extending the rule beyond this class of cases and we are not disposed to carry it further."

In Germania Ins. Co. v. Klewer, 129 Ill. 599, the action was on a policy of insurance and three defenses, namely, other insurance, vacancy, and arson were pleaded. The court said: "In this state it has been held that where in civil cases a criminal offense is charged in the pleadings such offense must be proved beyond a reasonable doubt. Instruction No. 8 for appellee was, however, inaccurate, in that it required more than a mere preponderance of the evidence in order to establish the defenses of other insurance and vacancy."

Grimes v. Hilliary, 150 Ill. 141, was a suit brought on promissory notes which the declaration alleged that the defendant, without the knowledge or consent of the payee, unlawfully took and destroyed. The court said: "It is said that a criminal offense is charged and that it must be proved beyond a reasonable doubt. * * * The charge in the declaration was that he 'wrongfully took' and 'unlawfully destroyed' the notes in controversy. It is not charged that the act was fraudulently and maliciously done with intent to defraud, etc., as would be required in charging the offense created by section 194 of the Criminal Code. * * * It has been held that where under the pleadings it becomes necessary to the maintenance of the plaintiff's cause of action or the defendant's defense to show that the opposite party has been guilty of a criminal offense, such offense must be proved beyond a reasonable doubt. *If this rule is to be adhered to, in respect of which we express no opinion,* the case at bar is clearly distinguishable from the cases cited. It does not follow, because

an element may have entered into the act which would have rendered it indictable as a crime, but which is not alleged or necessary to be proved to authorize a recovery in the civil action, that the proof must be made beyond a reasonable doubt."

The cases which we have cited seem to contain all that the Supreme Court has had to say on this contested point. It may be noted, therefore, that in Illinois the rule in question, although spoken of in some cases as having a wider scope, has been, as pointed out by Judge Lawrence in Sprague v. Dodge, actually "adopted" only in "actions of slander charging a criminal offense," and it has been questioned and doubted altogether in the latest case mentioning it.

The Appellate Court of the Third District, speaking through Mr. Justice Wright, suggests a distinction which commends itself to our approbation. After citing the various cases in the Supreme Court of Illinois to which we have in this opinion called attention, the court says: "The result of these cases is to evolve the rule in civil cases that where the pleading charges the commission of a crime, the party who makes such charge assumes the same strictness of proof as would be required to sustain a prosecution.

It is conceded in Insurance Co. v. Klewer, *supra,* that the rule for which contention is made is one upon which the authorities are not in harmony. It seems to us that a rule requiring any greater degree of evidence than a mere preponderance upon any issue in a civil case, where only the private interests of the parties are in dispute, is exceptional and extreme, and we are not disposed to extend the rule further than we shall be compelled to under the decisions to which we have referred. In all the cases where the rule has been applied, some infamous crime has been charged, such as perjury, larceny, arson and the like. In the case presented the evidence tends to prove only that appellee paid money to his wife with a design to secure the same to his own use and defraud his creditors. It may be well doubted, admitting the truth of the matter, if such act

would be a violation of section 122, division 1, of the Criminal Code, or that it partakes of a criminal nature, and it will not be contended the act would be attended with infamy according to the legal understanding of the word, or that it was felonious in any respect. If it is proper to apply the rule of reasonable doubt to the issue tried in this case, it would follow that it should also be applied in all cases in chancery or at law where the question of a fraudulent disposition of property was in issue. No case has been cited to us where such an issue was made and the rule of reasonable doubt applied to it. We are unwilling to consent to applying such rule of the law in such cases unless compelled by authority. The case presented is a civil suit, devoid of a charge of infamous crime, and in our opinion, appellant was required to establish the material issues in the case by a preponderance of the evidence only, and it was error to instruct the jury that any particular issue should be proved beyond a reasonable doubt." First National Bank v. Sanford, 83 Ill. App. 62.

*Mutatis mutandis,* we think this language very applicable to the question before us. We are not disposed to extend the rule farther than it has ever been applied in Illinois, and enforce it in a case in which no felony or infamous crime is charged. We are cited to no case anywhere in which it has been held applicable to a civil suit for assault and battery.

In 1869, Judge Breese, speaking of an instruction given to the jury in an action brought against a man for beating and killing a mule belonging to the plaintiff, said: "This instruction must certainly have misled the jury. The law is not, in such a case, that there shall be a 'clear preponderance' of evidence in favor of the plaintiff to entitle him to recover. It is sufficient—if the evidence creates probabilities in his favor—that the weight of the evidence inclines to his side." Crabtree v. Reed, 50 Ill. 206. It is true that the act making cruelty to animals a criminal offense was not then in force, but there was a section of the Criminal Code then, as now, making it a criminal offense punish-

·able by fine or imprisonment or both, wilfully and maliciously to kill, wound or ·disfigure any useful animal which was the property of another.

We think that the learned trial judge in the case at bar committed no error in modifying as he did the instruction ·concerning the amount of proof required to warrant a verdict for the plaintiff.

The other alleged errors assigned by appellant we do not consider significant. It is not necessary, in our opinion, to take up seriatim the rulings on evidence. We see no reversible error in them, nor anything in them or in the conduct of counsel complained of, which called for serious objection.

The damages do not seem to us so excessive, in view of the testimony concerning the permanent character of the appellee's injuries, as to warrant this court to interfere with the decision of the jury, which fixed them.

The judgment of the Superior Court is therefore affirmed.

*Affirmed.*