[No. 7104. Decided June 3, 1908.]

J. J. BLEITZ, *Respondent*, v. MATTHEW O. CARTON, *Appellant*.[1]

LIBEL AND SLANDER—WORDS ACTIONABLE PER SE—IMPUTING CRIME. It is actionable slander *per se* to say of a man that he "has another wife back east," as the words in effect charge bigamy.

SAME. It is not actionable *per se* to utter orally that a man is not fit to associate with other people and has been in jail two or three years back east.

SAME—PLEADING—VARIANCE. In an action for slander in uttering of a man that he has "another wife and child back east," in effect charging him with the crime of bigamy, it is a fatal variance to prove that "he has a wife and child back east and is living with another woman here," which would only constitute the crime of adultery; since the old rule that in slander a variance is fatal has not been relaxed to such an extent as to allow allegation as to one crime and proof of another (FULLERTON, RUDKIN, and DUNBAR, JJ., dissenting).

SAME—FAILURE OF PROOF. In an action for slander in charging a man with being a bigamist, proof that he did not actually call him a bigamist but said he had a wife back east and was living with another woman here, is not only a total failure of proof, but amounts to a positive denial of the allegation.

[1]Reported in 95 Pac. 1099.

35—49 WASH.

SAME—VARIANCE—BILL OF PARTICULARS. Where, in an action for slander, a bill of particulars was furnished showing when and before whom the words were spoken, the plaintiff is not entitled to show that the words were spoken at other times and places; and such proof, introduced for the purpose of showing malice, will not support a verdict where the complaint was not amended (FULLERTON, RUD-KIN, and DUNBAR, JJ., dissenting).

SAME—PLEADING—ANSWER—ADMISSIONS—JUSTIFICATION. Where the complaint in an action for slander alleged the uttering of a positive charge of bigamy, a justification in the answer admitting that the words were uttered conditionally, i. e., "If what Mr. D. has told me is true," is not inconsistent with a general denial, and does not admit the allegation of the complaint.

SAME—VARIANCE. Proof of a conditional statement of slanderous words does not support an allegation of a positive or direct state-ment (FULLERTON, RUDKIN, and DUNBAR, JJ., dissenting).

SAME—JUSTIFICATION—PRIVILEGED COMMUNICATIONS—EVIDENCE. A conditional statement charging a man with bigamy "if what Mr. D. tells me is true," made by a member of a fraternal order, of and re-specting an applicant for membership, and made to a member of the order while the applicant's reputation was under investigation for the purpose of showing his unfitness, is a privileged communication for which damages cannot be recovered, where D. had told the de-fendant that plaintiff (who had a wife and children here) "had another wife and children in Illinois" and had communicated to the defendant circumstances known to D. back east from which it ap-pears that the plaintiff was not a bigamist, but had secured a divorce from his first wife, that he had been charged with perjury in so doing, had settled the matter by giving notes to her, and had paid only one of the notes (FULLERTON, RUDKIN, and DUNBAR, JJ., dis-senting).

Appeal from a judgment of the superior court for King county, Rigg, J., entered July 25, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for slander. Reversed.

*John F. Miller* and *James McNeny*, for appellant.

*John E. Humphries* and *George B. Cole*, for respondent, to the point that there was no material variance between the pleading and proof, cited: *Herhold v. White*, 114 Ill. App. 186; *Harris v. Zanone*, 93 Cal. 59, 28 Pac. 845; *Brueshaber*

*v. Hertling*, 78 Wis. 498, 47 N. W. 725; *Cassem v. Galvin*, 158 Ill. 30, 41 N. E. 1087; *Cassem v. Galvin*, 53 Ill. App. 419; *Goodrich v. Warner*, 21 Conn. 431; 13 Ency. Plead. & Prac., pp. 63, 64, 67. Proof was unnecessary when defendant admitted the charge, for every repetition of a slander is actionable and defendant admitted the charge. Newell, Defamation Slander and Libel, p. 350, § 4; 18 Am. & Eng. Ency. Law (2d ed.), p. 1016. Before a defendant can plead a justification, he must admit the speaking of the words charged. *Shipp v. Patton*, 29 Ky. Law 480, 93 S. W. 1033; 4 Ency. Plead. & Prac., p. 669; Stephen, Pleading, p. 206; *Rooney v. Tierney*, 82 Ky. 253.

Crow, J.—Action by J. J. Bleitz against Matthew O. Carton, for slander. From a verdict and judgment in favor of the plaintiff, the defendant has appealed.

The appellant contends that the trial court erred in denying his motion for a nonsuit and a directed verdict. A demurrer having been sustained to the first cause of action, trial was had on the second and third causes only. In his second cause of action the respondent alleged that, on April 5, 1906, the appellant did speak of and concerning him to one Dr. Frank T. Maxson, the words: "Bleitz is not a fit man to associate with decent people. He has another wife back east, and a wife and child here. He has been in jail two or three years back east. I have the documents to prove all this;" and that appellant meant to thereby charge that the respondent had been guilty of the crime of bigamy. The trial judge correctly held that the alleged words: "He (Bleitz) has another wife back east, and a wife and child here," were actionable *per se*, as they, in substance charged the crime of bigamy (25 Cyc. 264); but that the other words alleged to have been orally uttered were not actionable *per se*. 25 Cyc. 265.

Dr. Maxson was the only witness called to show the speaking of the words alleged in the second cause of action. His testimony was that the appellant said to him of and concerning

respondent: "He has a wife and child back east, and is living with another woman here." The appellant contends that this evidence shows a fatal variance between the words alleged to have been uttered and those proven; that the testimony of the witness Maxson did not establish, but disproved the allegations of the complaint; that to charge that a man who has a wife is living with another woman is not equivalent to charging him with having another wife; that the effect of the words proven was to charge that the woman with whom respondent was living was not his wife; that although the words shown to have been spoken might, when accompanied by proper colloquiam and proof of surrounding circumstances, tend to establish an accusation of adultery; they do not establish or tend to establish the crime of bigamy; and that the allegation of the complaint is an accusation of one act, while the proof made is an accusation of an entirely different act, as proof of adultery does not sustain a charge of bigamy.

In actions for libel and slander the general rule as to variance is that, if the allegations of the pleading and the proof do not strictly correspond, the plaintiff cannot recover. This rule, which was rigidly enforced in the earlier cases, has been somewhat relaxed by later adjudications, so that proof is now held to be sufficient if the charge of the complaint is substantially sustained, although the proof made does not in every minute particular correspond with the words alleged. 25 Cyc. 484. After a careful examination of numerous authorities, we have been unable to find any cases in which the general rule has been so far relaxed as to hold that an allegation of the speaking of words charging one crime or misdemeanor is sustained by proof of the speaking of words charging, or tending to charge, a different crime or misdemeanor, or that such a failure to prove the words alleged would not constitute a fatal variance. Respondent alleged the speaking of words which, in substance and effect, charged the crime of bigamy, such words being actionable *per se* although spoken. The words proven can, by no possible con-

struction, be held to have charged respondent with bigamy. The variance was therefore fatal. One reason for requiring substantial proof of the words alleged is that the defendant may, if he so desires, have an opportunity to plead and prove justification by showing the truth of the words charged. Were it to be conceded that the appellant had actually said of and concerning the respondent in this action that he had a wife and child back east, and another wife and child here, thereby charging him with bigamy, it could not be seriously contended that he would establish the truth of such words under a plea of justification by showing that respondent, while having a wife back east, was living with another woman here. By the words alleged he would have charged bigamy, but such a showing as to the facts would not constitute a justification. The absence of any plea of justification in this action does not have the effect of decreasing the amount or accuracy of proof to be required of the respondent in sustaining the allegations of his complaint.

In *Doherty v. Brown*, 10 Gray 250, the supreme judicial court of Massachusetts said:

"The proof of making a charge of unchastity against the plaintiff does not sustain the allegation in the first count that the defendant charged the plaintiff with being a common prostitute. They are not the same charge. Supposing the words as set out to have been proved, it is plain that proof of the unchastity of the plaintiff would not be a justification of the charge made."

In *Bailey v. Kalamazoo Pub. Co.*, 40 Mich. 251, the court said:

"We do not think an allegation of stealing whiskey fines (by a justice of the peace) was met by proof of not paying over a fine for an assault. There may be no difference in the legal or moral quality of the acts, but there is a difference in their identity; and a plaintiff should be informed what charges in justification he is expected to meet."

In *Perry v. Porter*, 124 Mass. 338, it was substantially held that, in an action for slander, an allegation that the de-

fendant had accused the plaintiff of larceny was not sustained by proof of words accusing him of deception and fraud. In *Kimball v. Page*, 96 Me. 487, 52 Atl. 1010, it was held that an allegation of the speaking of the words, "Mima stole the pin," was not sustained by proof of the speaking of the words, "Mima stole the buckle." *Jones v. Edwards*, 57 Miss. 28; *Crotty v. Morrissey*, 40 Ill. 477; *Smith v. Moore*, 74 Vt. 81, 52 Atl. 320.

In respondent's third cause of action it was alleged that, on April 9, 1906, the appellant did speak to one A. E. Croft of and concerning him the words: "Bleitz is a bigamist. I threw it in his teeth and he did not deny it. He has two wives." The only witness called to prove the speaking of these words was A. E. Croft, who testified that: "He (Carton) said that he (Bleitz) had a wife and family in the East, and that he was living here with another woman. He didn't state, he didn't call him a bigamist in so many words, that is he didn't call Mr. Bleitz a bigamist that I can recollect." This evidence was not only such a failure of proof as to constitute a variance, but it in effect amounted to a positive denial of the allegations of the third cause of action of the complaint.

The respondent contends that the verdict and judgment should be sustained, for the reason that proof was made of the speaking of the alleged words at other times, in other places, and to other persons than the times, places, and persons alleged, and that such proof was sufficient. He did not amend, nor did he ask to so amend, his complaint as to permit such proof. Prior to the trial the appellant demanded, and respondent furnished, a bill of particulars, stating the names of all persons known to the respondent, who were present at the times of the speaking of the words alleged in the complaint. Yet the respondent now contends that he is entitled to show a speaking of the alleged words at other times and places, and to other persons. If this method of proof of a cause of action could be permitted, a bill of particulars would be of no value

or advantage whatever to the party to whom it is furnished. The evidence on which the respondent now attempts to thus predicate his right to recover consisted, in part, of the testimony of certain witnesses who narrated other conversations which occurred after the commencement of this action, and was none of it introduced for the purpose of showing the speaking of the alleged words at the times and places or to the persons pleaded in the complaint. It related to the other conversations offered for the sole purpose of showing malice. The principal witness upon whose statements the respondent now relies was one Bennett Young, but his evidence constituted a variance, as he positively testified that the appellant, in referring to respondent, said: "He has a wife and family here *who was not his wife.*"

The appellant, in pleading the defense of privileged communication, in substance alleged that, on April 5, 1906, the respondent applied for admission to a secret fraternal order of which appellant was a member; that respondent thereby submitted his moral character, reputation, standing, past and present mode of life, to an investigation by the order and its members; that while his application for admission to the order was pending, and at a regular meeting of one of its lodges, the appellant did, on April 5, 1906, speak of and concerning the respondent to Dr. Frank T. Maxson, who was then and there a member of the order, the following words: "*If what Mr. Davis has told me is true,* Bleitz is not a fit man to belong to the order. *He tells me* he (Bleitz) has a wife and children back in Wyonette, Illinois, and you know he has a wife and children here;" that such words were uttered by appellant without malice, in good faith, and with the sole object, intent, and purpose of assisting the members of the order in an investigation of the character of applicants, and that the speaking of the words was privileged by reason of the time, place, occasion, and circumstances under which they were uttered. Respondent now contends that this affirmative allegation of the answer amounts to an admission of the speaking

of the words pleaded in the complaint, and that by reason of such admission it was not necessary for him to offer further proof. The allegation of the complaint set forth a positive charge of bigamy which appellant denied. Appellant then alleged that he did speak the words set forth in his answer, in the manner and under the circumstances there narrated. Respondent denied that appellant had made use of the qualifying words: *"If what Mr. Davis has told me is true,"* and now insists that the affirmative allegation of appellant's answer, being inconsistent with his denials, is conclusive proof against him. The affirmative allegations of the answer were not inconsistent with its denials, nor do they as pleaded amount to an admission of the speaking of the words alleged in the complaint. The allegation of the complaint was that the appellant made of and concerning respondent a positive and direct statement that he had a wife and family back east, and that he had another wife here, thereby substantially charging him with the crime of bigamy. In pleading the defense of privileged communication, the appellant alleged that he said conditionally that *if what Mr. Davis had told him was true,* Bleitz was not a fit man to belong to the order, etc. Proof of slanderous words spoken in a conditional or hypothetical statement does not support an allegation of slanderous words pleaded as a positive or direct assertion. Townshend, Slander and Libel (4th ed.), § 364; *Evarts v. Smith,* 19 Mich. 54; *Stees v. Kemble,* 27 Pa. St. 112; *Nailor v. Ponder,* 1 Marv. (Del.) 408, 41 Atl. 88.

The undisputed evidence discloses that respondent did formerly have a wife and three minor children in Illinois; that he sold his business on April 4, 1902, and left them in that state on April 5, 1902, going to Sedgwick county, Kansas, where he lived for about one year; that he then went to Pawnee county, Kansas, where on May 12, 1903, he commenced an action for divorce, making service by publication; that he filed an amended petition on July 11, 1903, and on July 16, 1903, obtained a decree, his wife having failed to appear;

that he returned to Sedgwick county; that a warrant was issued in Pawnee county for his arrest on a charge of perjury based on certain allegations of his petition for divorce; that as shown by certified copies of the proceedings, he was arrested and taken back to Pawnee county; that he there met an attorney who represented his wife and children, who claimed he had abandoned them in Illinois, and who had a requisition for his return to that state; that he made a settlement with the attorney by giving a series of six notes of $50 each for their support; that the criminal charge of perjury was then dismissed, he paying the costs; that he paid only one of the notes; that on September 10, 1903, he was married to his present wife in Jeffersonville, Indiana; that at the time of the speaking of the words alleged in the complaint, he had made application for membership in a new lodge which was being organized in a fraternal secret order of which appellant was already a member; that substantially the above facts as to his former wife and a newspaper account of his arrest had been communicated to appellant by one Davis, who had known respondent back east, and knew that he had a wife there, not the same person who is his wife here; that respondent has not contributed to the support of his former wife and his children in Illinois, except by the payment of one $50 note; and that appellant made to Dr. Maxson, who was then a member of the order, the conditional statement which he pleaded in his answer. Under these facts the respondent was not entitled to recover damages, and the motion for a directed verdict should have been sustained.

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

HADLEY, C. J., MOUNT, and ROOT, JJ., concur.

FULLERTON, J., (dissenting)—Conceding that there was a variance between the allegations and proofs as to the exact language used by the appellant, yet both were equally actionable, and we see no reason why the complaint should not be

deemed amended to conform to the proofs as in other cases.
The court below concluded that no prejudice resulted from
this variance, and no such claim is advanced here.   But the
appellant relies wholly upon a technical rule of procedure and
pleading which has long since been discarded in this juris-
diction.   I therefore dissent from the judgment, as the plea
of justification was not sustained.

RUDKIN and DUNBAR, JJ., concur with FULLERTON, J.